Zimmerman, J.
 

 It is the contention of the Tax Commissioner that when the insured died, the policies terminated; that the issuance of the certificates, upon the consideration of the surrender of the policies, constituted new agreements embracing different rights between Bronson, as beneficiary, and the companies, by which he might be paid, if he survived for a sufficient length óf time, an aggregate sum greater than the maturity values of the policies; and that the property rights thereby created in Bronson are subject to taxation as annuities.
 

 
 *59
 
 In support of this argument, the Tax Commissioner relies on the definition of an annuity, contained in
 
 Chisholm
 
 v.
 
 Shields, Treas.,
 
 67 Ohio St., 374, 378, 66 N. E., 93, 94, which is as follows:
 

 “An annuity * * * is an obligation by a person or company to pay to the annuitant a certain sum of money at stated times during life or a specified number of years, in consideration of, a gross sum paid for such obligation * * *.”
 

 The quoted definition of an annuity has been approved in the recent eases of
 
 Fuller
 
 v.
 
 Glander, Tax Commr.,
 
 146 Ohio St., 283, 286, 65 N. E. (2d), 713, 715, and
 
 McNally
 
 v.
 
 Evatt, Tax Commr.,
 
 146 Ohio St., 443, 446, 66 N. E. (2d), 633, 635.
 

 However, as pointed out by several authorities, the ordinary annuity contract and the ordinary contract of life insurance are different in essential respects. The former is distinguishable from the latter in that a life insurance contract constitutes an agreement to pay a specified sum of money on the death of the insured or on his reaching a certain age, whereas an annuity contract is one in which there is an agreement to pay a certain sum to the annuitant annually during life or for a given number of years. The consideration for an insurance contract is denoted a premium and is payable annually or at fixed intervals during the year; the consideration for an annuity contract is not regarded as or denominated a premium and is usually represented by a single payment.
 
 Succession of Rabouin,
 
 201 La., 227, 235, 9 So. (2d), 529, 531, 142 A. L. R., 605, 608;
 
 Commonwealth
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 254 Pa., 510, 513, 98 A., 1072, 1073; 3 Corpus Juris Secundum, “Annuities,” 1375, Section 1. In
 
 Commonwealth v. Beisel,
 
 338 Pa., 519, 13 A. (2d), 419, 128 A. L. R., 978, it was expressly held that installment payments to the beneficiary of the proceeds of life insurance policies did not constitute an annuity.
 

 
 *60
 
 Section 5323, General Code, referring to investments which are subject to taxation, recites in part:
 

 “The term ‘investments’ as used in this title, includes the following: * * *
 

 “Annuities, royalties and other contractual obligations for the periodical payment of money and all contractual and other incorporeal rights of a pecuniary nature whatsoever from which income is or may be derived, however evidenced, excepting * * * (3) contracts of insurance and dividends paid or applied thereunder; but the foregoing language shall not be construed to exclude from taxation dividends under contracts commonly known as ‘'combination life and annuity policies’ or ‘cash refund annuities..’ ”
 

 “Contracts of insurance” are expressly excluded from taxation under the statute quoted. We regard the question the answer to which is determinative in this case to be whether the installment payments received by Bronson from the insurance companies answer the description of “annuities,” or are proceeds of “contracts of insurance” as that expression is used in the statute.
 

 Had Bronson elected to receive and had he been paid at once the principal sums named in the policies, no tax would have been imposed. Should it make any substantial difference that he elected to receive and is receiving the proceeds of such policies in installments? We do not think so. In our opinion, the sums payable under life insurance policies are an. integral part of the policies themselves.
 
 Keckley et al., Exrs.,
 
 v.
 
 Coshocton Glass Co.,
 
 86 Ohio St., 213, 99 N. E., 299, Ann. Cas. 1913D, 607; 29 American Jurisprudence, 149, Section 132.
 

 In a situation of the kind presented here, any doubt which may exist should be resolved against taxability.
 
 Clark Restaurant Co.
 
 v.
 
 Evatt, Tax Commr.,
 
 146 Ohio St., 86, 91, 64 N. E. (2d), 113, 115;
 
 McNally
 
 v.
 
 Evatt, Tax Commr., supra,
 
 at the close of the opinion.
 

 
 *61
 
 But, persists the Tax Commissioner, the policies terminated at the death of the insured, and when, pursuant to Bronson’s election, they were surrendered and certificates issued, under which installment payments were to be made, a new and different arrangement arose coming within the classification of “annuities” and amenable to taxation as such.
 

 We find ourselves in disagreement with such contention. Although it is quite true that the risks assumed by the companies terminated at the death of the insured, the policies survived because the companies still had duties and obligations to perform in accordance with the provisions of the policies.
 

 Everything which occurred here relates back to the contracts of insurance entered into between the insured and the companies. The contracts provided for an election, either by the insured or by the named beneficiary, as to the manner in which the proceeds thereof should be paid. The certificates delivered pursuant to the election constitute only what Bronson had a right to demand and get according to the terms of the policies. These certificates cannot fairly be regarded as new and independent agreements between Bronson and the companies. In the last analysis, the installments payable to Bronson represent the proceeds of the policies, and the payments made and to be made to him stem from such policies.
 

 In passing it may be said that there is a dearth of authority on the precise question presented by this case. The Tax Commissioner relies strongly on
 
 Wilkin
 
 v.
 
 Board of County Commissioners,
 
 77 Okla., 88, 186 P., 474, which we submit is distinguishable from the instant controversy, and Bronson has cited and quoted at length from Duvall’s Appeal, 33 Pa., D.
 
 &
 
 C., 238.
 

 We conclude, as did the Board of Tax Appeals, that the payments to Bronson are no more than pay
 
 *62
 
 ments of the proceeds of life insurance policies, and that his property rights with respect thereto are not taxable upon an annuity basis.
 

 The decision of the Board of Tax Appeals being neither unreasonable nor unlawful, it is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.