RENNER, Treas., etc., Plaintiff-Appellee, v. GORDON, d. b. a.
GORDON FURNITURE COMPANY, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 7470. Decided November 19, 1951.

248

C. Watson Hover, William J. Schmid, Francis X. Schwegmann, Cincinnati, for plaintiff-appellee.
Cedric Vogel, Cincinnati, for defendant-appellant.

## OPINION

By MATTHEWS, J:

·The defendant-appellant failed to make a personal property tax return for the years, 1944, 1945, 1946 and 1947, and having ignored citations to make returns, the Tax Commissioner, acting under §5376 GC, authorizing him to make a return and assessment, proceeded to make such return for the taxpayer and placed an assessment of $1,503.26 against her upon the duplicate. The defendant-appellant, not having paid any part of this assessment or taken an appeal to the Board of Tax Appeals under §3394 GC, this action to recover the amount was filed on February 18th, 1949. The defendant-appellant answered, admitting that an unspecified part but not all of the amount was due and prayed that the plaintiff-appellee be required to furnish strict proof of the amount due. The trial court rendered judgment for the full amount of the assessment. This appeal is from that judgment.

The action was heard in the Common Pleas Court upon an agreed statement of facts and the testimony of two witnesses, an examiner from the Department of Taxation of the State of Ohio, and the defendant-appellant's son.

The defendant-appellant now admits that she is liable for $1,032.22, but disputes liability for the residue. The disputed part consists of three items.

The first item relates to certain money received from certain insurance companies. These items are listed and taxed as productive investments. It is claimed that this income was non-taxable under §5323 GC, exempting "Contracts of insurance and dividends paid or applied thereunder from taxation." These policies were upon the life of Nathan Gordon, the husband of the defendant-appellant. After his death, she left the proceeds of the policies with the insurance companies under an agreement by them to pay interest, and it was this interest that was taxed. This interest was derived from the proceeds of a matured policy, but it was no part of the proceeds. That fact distinguishes this case from the case of **Bronson v. Glander, 149 Oh St, 57.**

According to the testimony of defendant-appellant's son, the beneficiary in one of the policies on the father's life was his daughter, and that the daughter upon receipt of annual payments gave this amount to her mother the defendant-appellant. It does not appear whether these payments were interest or installments in liquidation of the principal amount due on the policy. The policy is not in the record. There is nothing in the record to show upon what basis the Tax Commissioner acted in listing this item. There is no evidence that the daughter listed these items for taxation. We assume there is an inference that the Tax Commissioner had discovered evidence justifying the listing of this item as a taxable item against the defendant-appellant. It may be that in all this the daughter was acting at all times as the defendant-appellant's agent or trustee.

The next item is one of $200.00 listed as interest received from one Goodman. The defendant-appellant's son testified that was not interest at all, but was a profit or capital gain from the sale of real estate. Of course, if that was the fact, it would not be taxable under the Intangible Tax Law of Ohio. The difficulty in giving effect to this conclusion (assuming the fact) is that we do not have before us the data upon which the Tax Commissioner acted.

The defendant-appellant's dilemma results from the fact that she failed to pursue her administrative remedies. By §5610 et seq GC, a remedy was provided for an appeal to the Board of Tax Appeals, which was given full jurisdiction to correct any mistakes made by the Tax Commissioner. And, by §5611-2 GC provision is made for an appeal from the Board of Tax Appeals to the Supreme Court of Ohio. That was the course pursued in the case of Bronson v. Glander, supra, relied on by the defendant-appellant. At no place is an appeal to the Common Pleas Court authorized. It is true that by

§12075 GC, provision is made for enjoining the assessment or collection of an illegal tax or assessment, but as a prerequisite to obtaining any such relief the administrative remedies must be exhausted, which was not done in this case. In **Cuyahoga Falls v. Beck, 110 Oh St, 82,** at **101,** it is said:

"We do not here hold that a plaintiff cannot apply to a court of equity to enjoin an illegal assessment. We simply hold that the taxpayer first has to take the steps required by statute to secure relief, and that, unless he has taken those steps, a court of equity cannot assume jurisdiction on the ground that a remedy has been denied him. After the preliminary steps have been taken, and the plaintiff has exhausted his statutory remedy, he has full right to apply to a court of equity under §12075 GC, and, if he is entitled to relief, equity will grant it."

See, also: 51 Am. Jur., 698 (Sec. 769) and **Cincinnati v. Board of Education, 63 Oh Ap, 549.**

The unchallenged duplicate became an incontestable liability.

When the Tax Commissioner listed this property for taxation, he added 50% for failure of the owner to list it voluntarily. No complaint is made against the imposition of this penalty, which, perhaps, was authorized by the General Assembly in a measure as compensation for the labor required to uncover the delinquency. Complaint is made, however, against the imposition of a 10% penalty under §2657 GC, for failure to pay perhaps authorized to cover the expense of enforcing payment. As these two penalties are imposed for two distinct defaults, we find no valid objection to either.

For these reasons, the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion & judgment.