CHARLES W. BIRDSONG, INC., APPELLANT, v. TAYLOR, AUD., ET AL., APPELLEES.

(No. 448—Decided November 20, 1956.)

*Mr. Robert H. Hoffman* and *Mr. Leon McCarty,* for appellant.

*Mr. Nelson Campbell,* for appellees.

McCLINTOCK, J. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Morrow County. We will refer to the parties as they were designated in the court below, to wit: Charles W. Birdsong, Inc., plaintiff, and Marold Taylor, auditor, and W. A. Piper, treasurer of Morrow County, defendants.

Plaintiff filed its petition in the Court of Common Pleas, which reads as follows:

"Plaintiff is a corporation organized and existing under and by virtue of the laws of the state of Ohio; that from January, 1948, to September, 1951, plaintiff was engaged in business in Mansfield, Richland County, and since September, 1951, has been engaged in business in Morrow County, Ohio. The defendant, Marold Taylor, is the duly elected county auditor of Morrow County and the defendant, W. A. Piper, is the duly elected county treasurer of Morrow County.

"Plaintiff says that it filed with the county auditor and the Tax Commissioner of the state of Ohio a personal property tax return according to the statutes made and provided for the taxable year 1952, based on fiscal year ending June 30, 1951. That thereafter, on December 22, 1952, the Tax Commissioner of the state of Ohio entered an order wherein said Tax Com-

missioner affirmed an additional personal property tax assessment against plaintiff for the taxable year 1952 in the sum of thirteen hundred nine dollars ($1309), a copy of which order, marked Exhibit 'A,' is attached hereto and made a part hereof.

"Following said order the Tax Commissioner issued an assessment certificate to the auditor of Morrow County wherein the auditor was directed to increase the personal property tax assessment against plaintiff for the year 1952 by thirteen hundred nine dollars ($1309); that in addition thereto, the auditor has placed a ten per cent (10%) penalty on said additional assessment amounting to one hundred thirty dollars ninety cents ($130.90).

"Plaintiff further says that prior to September, 1951, and continuously from January, 1948, it was engaged in business in the city of Mansfield, Richland County, Ohio; that in September it became engaged in business in Morrow County, Ohio; that prior to 1952 it had made its personal property tax return on a fiscal year basis; that in accordance with the statutes of Ohio and by virtue of a recent decision of the Supreme Court of Ohio, the aforesaid additional personal property tax assessments made by the Tax Commissioner of the state of Ohio is invalid, illegal and contrary to law.

"Unless enjoined from so doing, defendants are required by law to collect said illegal assessment to the great and irreparable injury of plaintiff. Plaintiff has no adequate remedy at law.

"Wherefore, plaintiff prays that said additional personal property tax assessment for the year 1952 now standing on the books of the county treasurer of Morrow County in the sum of fourteen hundred thirty-nine dollars and ninety cents ($1,439.90), including penalty, be declared illegal and void and that the defendants be enjoined against collecting said additional personal property tax assessment including penalty from this plaintiff and for such other relief to which plaintiff may be entitled."

To this petition the defendants filed an answer which reads as follows:

"The defendants, Marold Taylor, county auditor, and W. A. Piper, county treasurer, admit that:

"1. Marold Taylor is the auditor of Morrow County, Ohio, and W. A. Piper is the treasurer of Morrow County;

"2. The plaintiff, Charles W. Birdsong, Inc., on or about the 29th day of March, 1952, filed a corporation return of taxable property, for 1952, with the auditor of this county;

"3. On the 22nd of December, 1952, the Tax Commissioner of Ohio, pursuant to an application of the plaintiff for review and determination of personal property tax assessment for the year 1952, affirmed an additional personal property tax assessment against plaintiff for the taxable year 1952, in the sum of $1,309;

"4. The Tax Commissioner of Ohio issued an assessment certificate to the auditor of Morrow County, directing said auditor to increase the personal property tax assessment against plaintiff in said sum of $1,309, for the year 1952;

"5. Thereafter, the said auditor placed a penalty of 10%, being $130.90, upon said assessment.

"The defendants, Marold Taylor, county auditor, and W. A. Piper, county treasurer, specifically deny that:

"1. Said additional personal property tax assessment, made by the Tax Commissioner of Ohio, is invalid, illegal and contrary to law;

"2. Said assessment is to the great and irreparable injury of plaintiff.

"3. Plaintiff has no adequate remedy at law.

"Defendants deny all other statements and allegations, contained in the petition, not herein admitted to be true.

"Plaintiff made application to the Tax Commissioner of Ohio for review and redetermination of personal property tax assessment for the year 1952. Thereafter, plaintiff had the right and privilege of appeal, as provided by law, which right of appeal plaintiff failed to pursue.

"The petition of plaintiff does not state facts sufficient to constitute a cause of action, and the court is without jurisdiction to afford the relief sought.

"A copy of Rule 202 of the Tax Commissioner of Ohio, marked 'Exhibit 1' is attached hereto.

"A copy of Rule 212 of the Tax Commissioner of Ohio, marked 'Exhibit 2' is attached hereto.

"Wherefore, the defendants, Marold Taylor, county auditor, and W. A. Piper, county treasurer, pray that plaintiff's petition may be dismissed, at plaintiff's costs, and that such other and further orders may be made as the facts and law of this action may require."

To this answer the plaintiff filed a reply, which reads as follows:

"Now comes the plaintiff and for want of knowledge of the allegations contained in defendants' answer, denies each and every allegation contained in the answer not specifically admitted to be true by the petition filed herein.

"Wherefore, plaintiff renews its prayer for judgment and decree as set forth in the petition."

The cause was submitted to the court below on an agreed statement of facts, with some additional testimony, and the court below, in its journal entry, rendered the following judgment:

"1. The Tax Commissioner had authority to list personal property which the taxpayer, Charles Birdsong, Inc., had failed to list, and to require a true return based upon the probable average amount of personal property intended to be used in business during the year, and that the collection of said tax is not illegal.

"2. That as a prerequisite to obtaining relief, the plaintiff, under the facts in this case, must have exhausted his administrative remedies, which the plaintiff failed to do.

"3. The injunction as prayed for by plaintiff should be denied with court costs taxed against the plaintiff.

"It is therefore ordered, adjudged and decreed, that the injunction prayed for by the plaintiff, be and hereby is denied, and that the court costs herein be and they are assessed against the plaintiff, to all of which findings, rulings and orders, the plaintiff excepts. Appeal bond $100."

A motion for new trial was filed by plaintiff, which was overruled by the court below. Thereafter plaintiff appealed to this court on questions of law and fact, claiming that the Tax Commissioner exceeded his taxing power in declaring Charles W. Birdsong, Inc., a new taxpayer when it moved to Mt. Gilead, and by virtue thereof causing an additional assessment of

$1,309 to be made on a calendar year basis for the taxable year, and that this court has authority to enjoin the collection of said illegal assessment and taxes. This being a *de novo* trial, the defendants filed a motion for judgment on the pleadings, which we will now consider.

From an examination of the plaintiff's petition and defendants' answer and plaintiff's reply, we grant to the defendants judgment on the pleadings, for the following reasons:

The plaintiff filed a personal property tax return and the Tax Commissioner of the state of Ohio entered an order wherein said Tax Commissioner assessed additional personal property tax assessment against the plaintiff for the taxable year 1952 in the sum of $1,309, and issued an assessment certificate to the auditor of Morrow County, wherein the auditor was directed to increase the personal property tax assessment against plaintiff for the year 1952 in the sum of $1,309, and the taxpayer failed to appeal from the ruling of the Tax Commissioner.

The defendants could have filed a demurrer to the petition, which would have been upheld by this court, for the reason that the petition does not state a cause of action.

For authorities on this question see *Renner, Treas.*, v. *Gordon,* 63 Ohio Law Abs., 247, 107 N. E. (2d), 889, an opinion written by Judge Matthews, the headnotes of which in part read as follows:

"1. Where a taxpayer fails to pursue his administrative remedies on a tax assessment, such tax becomes incontestable and the validity of the assessment cannot be raised in an action brought to enforce such assessment.

"2. Before a taxpayer may avail himself of the injunctive relief against the assessment or collection of an illegal tax or assessment afforded to him by Section 12075, General Code, he must first exhaust his administrative remedies (Section 5610 *et seq.*, Section 5611-2, General Code)."

On page 249 the opinion reads as follows:

"The defendant-appellant's dilemma results from the fact that she failed to pursue her administrative remedies. By Section 5610 *et seq.*, General Code, a remedy was provided for an appeal to the Board of Tax Appeals, which was given full

jurisdiction to correct any mistakes made by the Tax Commissioner. And, by Section 5611-2, General Code, provision is made for an appeal from the Board of Tax Appeals to the Supreme Court of Ohio. That was the course pursued in the case of *Bronson* v. *Glander, supra* [149 Ohio St., 57], relied on by the defendant-appellant. At no place is an appeal to the Common Pleas Court authorized. It is true that by Section 12075, General Code, provision is made for enjoining the assessment or collection of an illegal tax or assessment, but as a prerequisite to obtaining any such relief the administrative remedies must be exhausted, which was not done in this case.''

See, also, *Eggers* v. *Morr,* 162 Ohio St., 521, 124 N. E. (2d), 115, the syllabus of which reads:

''1. Where an administrative agency has jurisdiction to make an order in a matter pending before it, and a right of appeal from such order to the Court of Common Pleas is provided by law to any person adversely affected thereby, such person is not authorized to bring an independent action in equity to enjoin the carrying out of such order, where the grounds relied upon in seeking the injunction are such as could be fully litigated in the appeal authorized by law.

''2. Mere inconvenience in complying with the necessary steps in taking such an appeal does not constitute an excuse for resorting to an independent action for an injunction in lieu of taking the appeal.''

On page 527 the opinion reads as follows:

''We have held again and again that a special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. *Acme Engineering Co.* v. *Jones, Admr.,* 150 Ohio St., 423, 83 N. E. (2d), 202; *State, ex rel. Elliott Co.,* v. *Connar, Supt.,* 123 Ohio St., 310, 175 N. E., 200; *State, ex rel. Stellar, et al., Trustees,* v. *Zangerle, Aud.,* 100 Ohio St., 414, 126 N. E., 413.

''It seems obvious, therefore, that Section 2461, General Code (Section 307.56, Revised Code), would be the applicable statute governing an appeal from the county commissioners to the Court of Common Pleas in the present case. However, in the present case no appeal was perfected under either statute.

"The action on plaintiffs' amended petition is an independent one in equity for an injunction.

"Plaintiffs in their brief and argument maintain that this is so, and the Court of Appeals so treated the action and stated that where 'the change effected by the amendment is arbitrary, unreasonable, and violative of constitutional rights, a court of equity will grant relief in an original action.'

"Plaintiffs make no claim that they complied with the appellate procedure under either of the appeal statutes considered above, and in the amended petition it is alleged that there was no adequate remedy at law available to plaintiffs.

"The only question then presented to this court is whether plaintiffs were authorized to institute the present action in equity as an alternative to and in place of the appeal provided for by statute."

In conclusion, for the reason that the petition alleges and the answer admits administrative procedure, and plaintiff voluntarily failed to follow the jurisdictional procedure, we grant judgment on the pleadings in favor of defendants.

*Judgment for defendants.*

MONTGOMERY, P. J., and PUTNAM, J., concur.