TRANGENSTEIN, Appellant,

v.

WHEATON COLLEGE BOARD OF TRUSTEES et al., Appellees.

[Cite as *Trangenstein v. Wheaton College Bd. of Trustees*, 148 Ohio App.3d 382, 2002-Ohio-2937.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 01CA136.

Decided June 14, 2002.

Konrad Kuczak, for appellant.

Michael W. Sandner, for appellee Board of Trustees of Wheaton College et al.

Irvin Bieser, Jr., for amicus curiae The Dayton Foundation.

GRADY, Judge.

{¶ 1} The issue which this case presents is whether a charitable gift annuity is subject to regulation by the Ohio Superintendent of Insurance pursuant to R.C. Chapter 3911.

{¶ 2} Plaintiff–appellant, Faith E. Trangenstein, is executor of the estate of Dorothea N. Pilat, who died in 1996. Pilat's last will and testament directs that 20 percent of the net proceeds of her estate be conveyed to the trustees of Wheaton College in exchange for Wheaton College annuities payable to Trangenstein, who is her niece. Trangenstein distributed approximately $143,000 to Wheaton College pursuant to this bequest. She has received the proceeds of five Wheaton College annuities since those conveyances were made.

{¶ 3} On August 3, 2001, Trangenstein commenced a declaratory judgment action in the probate court. She asked the court to declare her late aunt's bequest to Wheaton College void because Wheaton College had failed to register with the Superintendent of Insurance or obtain the superintendent's approval of its Wheaton College annuities. Trangenstein also asked the court to order Wheaton College to return the $143,000 to her aunt's estate, and to further order that Trangenstein is entitled to the sum as her aunt's heir at law.

{¶ 4} Wheaton College filed responsive pleadings in opposition to Trangenstein's request. The Dayton Foundation was granted leave to file an amicus brief, which it did, also opposing Trangenstein's request. Trangenstein subsequently moved for summary judgment.

{¶ 5} The probate court denied Trangenstein's motion for summary judgment and dismissed her complaint. The court found that Wheaton College was not engaged in the business of insurance when it sold its annuities and therefore was not required to register with the Superintendent of Insurance for that purpose. Trangenstein filed a timely notice of appeal.

## FIRST ASSIGNMENT OF ERROR

{¶ 6} "The trial court committed prejudicial error by ignoring the plain language of Ohio law which prohibits the issuance and sale of annuities by Wheaton College."

{¶ 7} Though Trangenstein cites a number of insurance statutes, her claim is founded on the provisions of R.C. 3911.01. That section provides, inter alia: "No life insurance company * * * and no company, partnership, or association, organized or incorporated * * * under the laws of this or any other state * * * transacting the business of life insurance in this state, shall be permitted to take any kind of risks, except those connected with [the issuance of insurance policies] and with the granting * * * of annuities." R.C. 3911.011 further provides that no such company shall deliver any policy or annuity the rates of which are variable or variable and fixed unless the Superintendent of Insurance has approved its "condition and methods of operation" and any "policy, annuity, or other contract" it issues or delivers. Id.

{¶ 8} The distinction between life insurance and annuities was explained in *Bronson v. Glander* (1948), 149 Ohio St. 57, 36 O.O. 401, 77 N.E.2d 471:

{¶ 9} "[T]he ordinary annuity contract and the ordinary contract of life insurance are different in essential respects. The former is distinguishable from the latter in that a life insurance contract constitutes an agreement to pay a specified sum of money on the death of the insured or on his reaching a certain age, whereas an annuity contract is one in which there is an agreement to pay a certain sum to the annuitant annually during life or for a given number of years. The consideration for an insurance contract is denoted a premium and is payable annually or at fixed intervals during the year; the consideration for an annuity contract is not regarded as or denominated a premium and is usually represented by a single payment." Id. at 59, 36 O.O. 401, 77 N.E.2d 471.

{¶ 10} R.C. 3911.01 and R.C. 3911.011 blur this distinction by making both life insurance and annuities subject to their prohibitions when either is issued, sold, or delivered by any entity "transacting the business of life insurance in this state." The threshold issue, therefore, is whether Wheaton College was "transacting the business of life insurance in this state" when it delivered its Wheaton College annuities to Trangenstein.

{¶ 11} It is undisputed that Wheaton College is a charitable institution. The monies that Trangenstein paid to Wheaton College are in satisfaction of a bequest in her late aunt's will. A bequest is a testamentary gift of personal property. 32 Ohio Jurisprudence 3d (1997), Decedents' Estates, Section 680. The monies became the property of Wheaton College upon receipt. In exchange, Wheaton College promised to pay a fixed income to Trangenstein, personally, for the

remainder of her life. Notwithstanding this benefit to Trangenstein, her aunt's bequest was a charitable gift for which her estate was entitled to tax deductions pursuant to both federal and Ohio estate tax laws.

{¶ 12} As it is used in R.C. 3911.01, the term "transacting the business of life insurance" refers to commerce in insurance and related products, including annuities. Commerce is *"trade,* that is, the business of buying and selling of goods or services [for profit]." *Vizzari v. Community Hosp.* (2001), 141 Ohio App.3d 494, 500, 751 N.E.2d 1082. Charitable activities, though they may involve transactions, are not undertaken for profit, and are therefore not commerce. Not being commerce, they do not constitute "transacting the business of life insurance in this state," per R.C. 3911.01, notwithstanding the fact that transfer of an annuity is transacted.

{¶ 13} We conclude, on the foregoing analysis and the record before us, that the Wheaton College annuities obtained in exchange for the charitable gift by Trangenstein's decedent are not subject to the provisions of R.C. 3911.01. Further support for that conclusion is found in R.C. 3911.011(A), which likewise subjects annuities issued or delivered by life insurance companies to state regulation when they provide "variable or fixed and variable benefits." The Wheaton College annuities provide only fixed benefits.

{¶ 14} Trangenstein complains that, because no other sections of the Revised Code regulate charitable gift annuities, failure to subject charitable gift annuities to the requirements of the foregoing sections of the Revised Code exposes her to an unreasonable risk of loss should Wheaton College become insolvent. Wheaton College and The Dayton Foundation agree that no other sections apply, but point to that as evidence of the General Assembly's intent to forgo regulation of charitable gift annuities. We agree with that view. The General Assembly could expand the provisions of R.C. 3911.01 et seq. beyond regulating the conduct of life insurance companies, but it has not. It is not our province to ask why it has not. However, one might surmise that the tax benefits the donor of a charitable gift obtains is a reasonable trade-off for the risk exposure to beneficiaries of unregulated charitable gift annuitants, such as Trangenstein.

{¶ 15} The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶ 16} "The trial court committed prejudicial error by not declaring that the challenged bequest was void due to the lack of the essential terms of the annuities and the lack of qualification of Wheaton to fix those terms."

{¶ 17} Trangenstein argues that Wheaton College is in the position of a trustee of the funds bequeathed to it by her late aunt, and that its annuity

therefore amounts to self-dealing with estate assets, which is prohibited by R.C. 2109.44. Trangenstein also argues that, because her late aunt's will failed to provide for any rate of return or even the identity of the beneficiary of the trust, it was ineffective to create the trust for which the annuities provide.

{¶ 18} Trangenstein failed to seek relief on this claim in the trial court. Therefore, the error alleged was not preserved, and it is waived for purposes of appeal. *Baker v. W. Carrollton* (1992), 64 Ohio St.3d 446, 597 N.E.2d 74.

{¶ 19} The second assignment of error is overruled.

### Conclusion

{¶ 20} Having overruled both assignments of error presented, we affirm the judgment from which this appeal was taken.

Judgment affirmed.

BROGAN and FREDERICK N. YOUNG, JJ., concur.