In re SIMON, William Trent, Debtor.

Suzanne Cotner MANDROSS,
Trustee Plaintiff,

v.

FIRST COLONY LIFE
INSURANCE COMPANY

and

Cincinnati Insurance
Company Defendants.

Bankruptcy No. 87–00736 S.
Adv. No. 88–0159.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 14, 1989.

Suzanne Cotner Mandross, Toledo, Ohio, Trustee.

Constance Snyder, Toledo, Ohio, for Cincinnati Ins.

Joseph Dehner, Cincinnati, Ohio, for First Colony Life Ins.

## ORDER GRANTING FIRST COLONY LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

RICHARD L. SPEER, Bankruptcy Judge.

### I. INTRODUCTION

Defendant First Colony Life Insurance Company ("First Colony") filed a Motion for Summary Judgment in response to the Complaint filed against it by the Trustee of the Debtor, William T. Simon. For the reasons stated, the Court finds that the Motion should be granted.

### II. THE UNDISPUTED FACTS

The following facts are undisputed.

In 1980, Mr. Simon, the Debtor in this case, was injured in an accident. On August 24, 1983, he settled his personal injury claims against Michael Berndt and Nordmann Roofing Company ("the Defendants") arising out of the accident through a Settlement Agreement (the "Settlement"). Pursuant to the Settlement, Cincinnati Insurance Company ("Cincinnati") which was the casualty insurer for the Defendants, agreed to pay Mr. Simon specified amounts over his lifetime or for thirty (30) years, whichever was longer.

Specifically, Cincinnati agreed to pay Mr. Simon $497.00 each month, beginning September 15, 1983, increasing at a compounded rate of 4% per year. In addition, Cincinnati agreed to pay the following amounts:

| Date of Payment | Amount |
| --- | --- |
| September 15, 1988 | $10,000.00 |
| September 15, 1993 | $10,000.00 |
| September 15, 1998 | $25,000.00 |

If Mr. Simon dies before thirty (30) years have passed, any remaining payments are to be paid as they become due to Mr. Simon's estate.

The Settlement provides that Cincinnati is the only party under any duty to make funds available to Mr. Simon. The Settlement recites that Cincinnati "reserves the right to purchase an annuity contract through First Colony," with Mr. Simon designated as Annuitant and Mr. Simon's Estate designated as Primary Beneficiary under the annuity contract. The Settlement

states that Cincinnati may buy such an annuity "as a means to fund its obligation" to Mr. Simon. The Settlement states further that Cincinnati shall be the owner of any annuity bought from First Colony and that Cincinnati's "obligation to make the periodic payments to Plaintiff ... is an unfunded and unsecured obligation to pay money in the future."

Cincinnati elected to purchase from First Colony an annuity policy to fund its obligation to Mr. Simon. The annuity policy provides that First Colony will pay Cincinnati as Owner of the policy "or such person(s) as Owner may designate, the annuity payments specified in the Schedule." The Schedule provides for the same amounts and dates as called for by the Settlement. Mr. Simon is named the Annuitant and his Estate is named the Primary Beneficiary in the annuity policy. There is nothing in the annuity policy that would prevent Cincinnati from directing First Colony to make scheduled annuity payments to someone other than Mr. Simon or his Estate. The annuity policy expressly permits the Owner (Cincinnati) to "change the designation of Owner at any time" and "at any time to designate to whom annuity payments will be made."

Mr. Simon began receiving payments under the Settlement in 1983. On April 10, 1986, Mr. Simon began this proceeding. Suzanne Cotner Mandross was appointed Trustee of the Bankruptcy Estate. The Debtor claimed an exemption on his Statement of Exemption Claim for "Monthly Payments of Annuity with First Colony."

On February 10, 1987, this Court rejected Mr. Simon's claimed exemption for payments under his personal injury Settlement, 71 B.R. 65. Thereafter, the Trustee demanded that First Colony make payments under Mr. Simon's Settlement to the Trustee, not to Mr. Simon. First Colony responded that Mr. Simon "does not own the annuity contract, nor does he possess the right to accelerate, defer, increase, decrease, or commute any payment set forth in the annuity contract." First Colony informed the Trustee as follows:

We shall continue making the scheduled annuity benefit payments to Mr. Simon until we are instructed otherwise by the annuity contract's owner, Cincinnati Insurance Company.

The Trustee responded by letter of September 1, 1987 that First Colony's "position may result in your being held in contempt of court for not complying with a request of the Trustee."

To this date, First Colony has received no instruction from Cincinnati to redirect scheduled payments under the annuity contract to anyone other than Mr. Simon. In light of the Trustee's September 1, 1987 letter, First Colony has not made further payments under the policy to Mr. Simon or anyone else.

## III. THE LAW

Based on these undisputed facts, the Trustee's claim against First Colony must be rejected, and First Colony is entitled to be dismissed from this case. Mr. Simon's rights under the personal injury Settlement are against Cincinnati Insurance Company. The Trustee's rights are no greater than Mr. Simon's rights. The bankruptcy estate is comprised of all legal and equitable interests of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1); 124 Cong.Rec. S 17,413 (October 6, 1978). Because Mr. Simon has no rights against First Colony, neither does the Trustee. First Colony must act at the direction of Cincinnati and make payments under the annuity policy to whomever Cincinnati directs.

The Trustee has commenced proceedings against Cincinnati, and this case will continue against Cincinnati until resolution. Pending that resolution and further order of this Court, First Colony has agreed to continue to withhold making past and future scheduled payments to Mr. Simon, and this Court so approves.

Subject to the foregoing, IT IS ORDERED that the Motion for Summary Judgment of First Colony Life Insurance Company is GRANTED.

It is FURTHER ORDERED that First Colony Life Insurance Company is dis-

missed with prejudice as a Defendant to this case. The Trustee and First Colony will bear their respective costs.