Bell, J.
 

 The question for determination here is whether the sum of $24,000 listed in each return is tax
 
 *285
 
 able as an annuity as claimed by appellant, or whether it is income yield from a trust as decided by the Board of Tax Appeals.
 

 There can be little dispute upon the proposition that the testator intended by item nine of his will that the appellant should receive the entire net income from the trust estate each year if she so desired. The sum of $24,000 per annum was to be paid to appellant irrespective of whether the net income from the trust equalled that amount.
 

 It should be made perfectly clear that in the instant case we are not called upon to decide the question as to the method of taxation or whether the specified sum would be taxable in the event that the $24,000 paid to appellant in any year was paid in whole or in part from the
 
 corpus
 
 of the trust estate. The trust produced a net income greatly in excess of $24,000 in each of the years here in question.
 

 Appellant concedes that the amount received by her over and above the $24,000 minimum is income from a trust and taxable as such, but insists that the aggregate amount received in the respective years should be taxed under two different methods. First, to the extent of $24,000 it should be taxed as an annuity; and, second, over that amount it should be taxed upon the basis of income yield from an investment.
 

 An annuity is defined in Ballentine’s Law Dictionary as follows:
 

 “A yearly payment of a certain sum of money granted to another in fee for life or for years, and charging the person of the grantor only.”
 

 In Oxford English Dictionary it is defined as follows:
 

 “2.
 
 Law.
 
 The grant of an annual sum of money, for a term of years, for life, or in perpetuity; which differs from a rent charge in being primarily chargeable upon the grantor’s person, and his heirs if named, not upon specific land. * * *
 

 
 *286
 
 “3. An investment of money, whereby the investor becomes entitled to receive a series of
 
 equal annual payments,
 
 which, except in the case of perpetual annuities, includes the ultimate return of both principal and interest;
 
 also,
 
 the annual (or, for convenience, quarterly) payment thus made.” (Emphasis added.)
 

 At common law the word was defined as “the payment of a specified sum of money at stated times, granted to another and charging the person of the grantor only.”
 

 In the case of
 
 Chisholm
 
 v.
 
 Shields, Treas.,
 
 67 Ohio St., 374, 66 N. E., 93, at pages 378 and 379, an annuity was defined as follows:
 

 “An annuity, as understood in common parlance, is an obligation
 
 by a person or company
 
 to pay to the annuitant
 
 a certain sum of money
 
 at stated times during life or a specified number of years, in consideration of a gross sum paid for such obligation, and this in substance is the kind of annuity covered by said sections of the statute.” (Emphasis added.)
 

 That case was decided before the present intangible personal property tax law was enacted. However, that decision fixed the legal definition of the word “annuity” under the then existing tax statutes.
 

 The General Assembly is presumed to have been familiar with the established legal definition of the word “annuity,” when it enacted the present intangible personal property tax statutes, and it would seem reasonable to suppose that had it intended to broaden that definition it would have brought about that result by appropriate language.
 

 True the meaning of the word has been broadened ' in common parlance to include grants, gifts and bequests not contemplated within the common-law definition, yet in the light of the manner in which the word “annuity” is used in the intangible personal property
 
 *287
 
 tax statutes we must conclude that the General Assembly used the word in its restricted sense.
 

 Entertaining the view that it was the testator's intention to have his widow (appellant), upon her request, receive the entire net income produced by the trust estate each year, or, in the event the net income in any year did not equal the sum of $24,000, she was to receive that amount payable out of income and principal or out of principal alone, we conclude that she became the owner of an equitable interest in the trust estate. So long as she receives $24,000 or more annually paid entirely from net income, the sum so received is income yield from a taxable investment.
 

 Therefore the decision of the Board of Tax Appeals was neither unreasonable nor unlawful and should be and hereby is affirmed.
 

 Decision affirmed.
 

 Weyganut, C. J., Zimmerman, Williams, Turner and Matthias, JJ., concur.
 

 Hart, J., dissents.