REAVLEY, Circuit Judge:
 

 The district court affirmed the bankruptcy court’s judgment that attorney’s fees paid to the appellant/debtor, in the form of an annuity, were not exempt from the bankruptcy estate. 64 B.R. 611. Both courts also agreed that the appellee/trust-ee had not failed to object timely to this claimed exemption. We affirm.
 

 I
 

 On July 20, 1984, Herman Neil Young (Debtor), an attorney, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Initially, Debtor failed to list in his schedules income in the sum of $1,875 per month from First Colony Life Insurance Company paid pursuant to an annuity contract dated July 1, 1982. The annuity contract resulted from Debtor’s representation of the surviving spouse and children of Edwin Joseph Fanguy in a death claim against Offshore Logistics, Inc., Offshore Logistics International, Inc., Air Logistics International, their affiliated companies and underwriters (hereinafter referred to as “underwriters”). A struc-
 
 *1305
 
 ired settlement was entered into by and stween all parties in interest, including ebtor as counsel of record. This agree-ent provided Debtor $25,000 immediately, id monthly payments of $1,875 for the iriod of fourteen years, beginning on Au-ust 1, 1982 and terminating on July 1, )96. The monthly payments were to come •om an annuity contract, executed by Ger-'d J. Sullivan & Associates, Inc. (Sullivan), >r the benefit of Neil Young, and issued
 
 Y
 
 First Colony Life Insurance Company.
 

 On January 14, 1985, the trustee of Debt-’s estate, David V. Adler (Trustee), filed motion against Sullivan requesting that ullivan, as owner of the contract, be dieted to pay all future annuity payments ) Trustee. In addition, Trustee filed a lotion to require Debtor to turn over $11,-50 he received pursuant to the annuity mtract subsequent to filing the bankrupt-
 
 7
 
 petition.
 

 On January 31, 1985, Debtor amended is Statement of Financial Affairs to iñ-ude the annuity as personal property, but aimed that it was exempt from the bank-iptcy estate. Debtor listed the annuity as iving a zero value because he claimed to ave no interest in it, being the beneficiary ither than the owner of it. Debtor also led objections to Trustee’s motions seek-lg to require him to remit past annuity ayments and Sullivan to remit future pay-ients. On March 15, 1985, Trustee filed n objection to Debtor’s claimed exemption f the annuity payments. Debtor contends íat Trustee’s objection was not timely led, and, in any case, the claimed exemp-on was proper. We consider Debtor’s mtentions in turn.
 

 II
 

 Bankruptcy Rule 4003(b) provides as fol-iws:
 

 Objections to Claim of Exemptions.
 
 The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney.
 

 Debtor amended his filing statement on January 31, 1985, claiming an exemption for the annuity and Trustee objected to this claim on March 15, about 44 days later. Because Trustee’s objection exceeded the statutory limit, Debtor argues that it is time barred.
 

 The basic purpose of the thirty day requirement in Rule 4003(b) is to ensure timely notice to debtors that the trustee objects to their claimed exemptions. In this case, Debtor amended his filing statement to include the annuity he claims to be exempt only after Trustee filed a motion arguing that the annuity is part of the bankruptcy estate. Trustee levied his objections, thus effectively complying with the rule, prior to Debtor’s amending of his statement. Debtor does not, and surely cannot, complain that he did not have actual notice of Trustee’s objections. To allow Debtor to gain refuge behind Rule 4003(b) when he amended his financial statement
 
 in response
 
 to Trustee’s objections would be to elevate form over substance. We cannot countenance such a wooden application of the Bankruptcy Rules.
 

 Ill
 

 Upon commencement of an action in bankruptcy, all property in which the debt- or has a legal or equitable interest becomes property of the bankruptcy estate. 11 U.S. C.A. § 541 (1979);
 
 McManus v. Avco Financial Services of Louisiana, Inc. (In re McManus),
 
 681 F.2d 353, 354 (5th Cir.1982);
 
 Allen v. Hale County State Bank (In re Allen),
 
 725 F.2d 290, 292 (5th Cir.1984). Once the property becomes a part of the bankruptcy estate, the debtor may exempt certain property.
 
 In re McManus,
 
 681 F.2d at 354;
 
 In re Allen,
 
 725 F.2d at 292. Under Title 11, section 522(b) of the United States Code, States have a choice of allowing their debtors one of two methods of exempting property from the bankruptcy
 
 *1306
 
 estate. In
 
 In re McManus
 
 we explained the federal scheme as follows:
 

 First, depending upon state law, a debtor may be entitled to utilize the federal “laundry list” exemptions specified in section 522(d). Use of the federal laundry list is precluded, however, if “the state law that is applicable to the debtor ... specifically does not ... authorize” its use. In those instances in which state law precludes use of the federal laundry list, a debtor may exempt from property of the bankruptcy estate any property that is legally exempt under either (1) federal law other than the previously described laundry list or (2) applicable state or local law.
 

 681 F.2d at 355 (footnotes excluded).
 

 Louisiana has not authorized the use of the federal “laundry list,” and has expressly decreed that the only property a debtor may exempt is such property allowed “under the laws of the State of Louisiana and under federal laws other than Subsection (d) of Section 522 of said Title 11 of the United States Code.” La.Rev.Stat.Ann. § 13:3881(B)(1) (West Supp.1986). Therefore, a Louisiana debtor is only entitled to exempt property from the bankruptcy estate that is exempted under Louisiana law, and federal law
 
 other
 
 than the federal laundry list.
 

 In this case, Debtor argues that under two Louisiana statutes, La.Rev.Stat.Ann. § 20:33 (West Supp.1986)
 
 [1]
 
 and § 22:647(B) (West 1978),
 
 [2]
 
 the payments made pursuant to the annuity contract are exempt from liability. We turn, therefore, to the question whether the present payments are exempt under § 20:33 and/or § 22:647 as proceeds from an “annuity,” or are part of the estate as accounts receivable.
 

 An annuity is a “right to receive fixed, periodic payments, either for life or for a term of years,” whereas an account receivable is a “claim against a debtor usually arising from sales or services rendered.”
 
 Black’s Law Dictionary
 
 82, 17 (5th ed. 1979);
 
 see also In re Howerton,
 
 21 B.R. 621, 623 (Bankr.N.D.Tex.1982) (“an annuity is essentially a form of investment which pays periodically during the life of the annuitant or during a fixed term by contract rather than on the occurrence of a future contingency”). While the payments Debtor claims to be exempt are, strictly speaking, an “annuity,” they are also accounts receivable. We must, therefore, pierce the veil of this arrangement to determine its true nature.
 

 We have been unable to find any court that has identified the exact point at which an account receivable becomes an annuity deserving exemption under Louisiana law. In
 
 Beisel v. Commonwealth,
 
 338 Pa. 519, 9 A.2d 419, 421 (1940), however, the Pennsylvania Supreme Court provided some instructive words on the difference between an annuity and an account receivable:
 

 
 *1307
 
 Its determining characteristic is that the annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived. The purchaser of an annuity surrenders all right and title in and to the money he pays for it. On the other hand, where a debtor agrees to pay his creditor in installments at regular intervals, the debt or principal sum itself is due to the creditor although payable only in the manner agreed upon; it is an account receivable in which he has a property interest. Therefore, installment payments of a debt, or payments of interest on a debt, do not constitute an annuity.
 

 It is the substance of the arrangement rather than the label affixed to it that determines whether the payments are exempt under the Louisiana statutes as proceeds from an annuity, or accounts receivable, and part of the bankruptcy estate. The $155,196 that made up the principal of the “annuity” was part of the payment Debtor received for services rendered on behalf of the Fanguy family in 1982. Young, as creditor, elected to receive his fees in regular monthly payments over a fourteen year period. It appears, then, that the monthly payments made to Young represent nothing more than installment payments on debts to cover the attorney’s fees owed by the Fanguys.
 

 Yet, if Young had accepted the total fees in 1982, paid taxes on the income and then purchased an annuity policy with the remainder, the payments clearly would be exempt, since he would have transferred his interest in the funds as consideration for the periodic payments he was to receive. The important factual distinction between this scenario and the present case was explained by the bankruptcy court in this case as follows:
 

 In the present case, the Underwriters paid a single premium of $155,196.00 to Sullivan in consideration for the annuity policy which would pay the Underwriter’s monthly obligation of $1,875.00 to the Debtor.
 
 The Debtor, however, retains an interest in the principal debt which the Underwriters owe him in monthly installments....
 
 Thus the Debtor has an interest in not just the payments under the annuity, but in a larger sense also in the principal fund or source — the installment debt owed him by the Underwriters — just as if he had left the money with the Underwriters and agreed to accept payment in installments. [Emphasis added.]
 

 Under the settlement agreement, as each monthly payment is made it reduces by a proportionate amount the underwriters’ debt. Young, therefore, retains a right against the underwriters to the remaining principal until the debt is fully extinguished after fourteen years. Retaining such a right renders the so-called annuity, in substance, nothing more than an account receivable, and not exempt from the bankruptcy estate.
 

 AFFIRMED.
 

 [1]
 

 . La.Rev.Stat.Ann. § 20:33 provides:
 

 The following shall be exempt from all liability for any debt except alimony and child support:
 

 (1) All pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon. No contribution shall be exempt if made less tha[n] one calendar year from the date of filing for bankruptcy, whether voluntary or involuntarily, or less than one calendar year from the date writs of seizure are filed against such account or plan.
 

 [2]
 

 . La.Rev.Stat.Ann. § 22:647(B) provides:
 

 The lawful beneficiary, assignee, or payee, including the annuitant’s estate, of an annuity contract, heretofore or hereafter effected, shall be entitled to the proceeds and avails of the contract against the creditors and representatives of the annuitant or the person effecting the contract, or the estate of either, and against the heirs and legatees of either such person, saving the rights of forced heirs, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use.