**In re William Trent SIMON, Debtor(s).**

**Bankruptcy No. 86–01733.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 10, 1987.

Beryl W. Stewart, Wayne, Ohio, for debtor.

Anthony B. DiSalle, Toledo, Ohio, Trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on the Objection of Huntington National Bank to the Debtor's Claim of Exemption in this Chapter 13 proceeding. The parties have argued their respective positions at the Hearing, and both parties were given the opportunity to file briefs on this matter. The Court has reviewed the arguments submitted, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Objection of Huntington National Bank should be SUSTAINED.

## FACTS

The facts in this matter do not appear to be in serious dispute. The Debtor, William Trent Simon, filed bankruptcy under 11 U.S.C. Chapter 13. On his Statement of Exemption Claim, Mr. Simon listed: "Monthly Payments of Annuity With First Colony Life Insurance Co.". The amount of the payment is listed as $536.00 per month. For the specific sections of Ohio law allowing the exemption, Mr. Simon listed § 2329.66(A)(10)(b) and § 2329.-66(A)(12)(c) of the Ohio Revised Code. The annuity in question is part of a structured settlement agreement between the Debtor and the Cincinnati Insurance Company on behalf of its insured, who was a defendant in a lawsuit brought by Mr. Simon for personal bodily injury. The agreement was made in settlement of the lawsuit.

The Huntington Bank objects to the claim of exemption for the periodic payments made under the settlement agreement. The bank contends that the settlement agreement is not covered by the terms of § 2329.66(A)(10)(b). The Bank points to the fact that the annuity was purchased at the discretion of the Cincinnati Insurance Company, who retains ownership of the annuity under the terms of the settlement. The Debtor has a right to payment under the settlement agreement, but the Bank argues that the settlement agreement is merely funded by the annuity. That is, Cincinnati Insurance purchased the annuity from First Colony Life to fund the settlement agreement. Moreover, the Bank states that the Debtor listed the payments from the settlement agreement as a guaranteed annuity on his financial statement to the Bank, and that this was part of the inducement for the Bank making a loan which Mr. Simon co-signed.

## LAW

The Debtor's claim of exemption is made under two provisions of the Ohio Revised

Code. The Objection is made the claim of exemption under O.R.C. § 2329.66(A)(10)(b) which provides in pertinent part:

> (b) The person's right to receive a payment under any pension, annuity, or similar plan or contract ... on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents ...

The second section under which the Debtor claims exemption is O.R.C. § 2329.-66(A)(12)(c) which states:

> (c) A payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent;

There is no objection to the exemption taken under this section.

In interpreting the Ohio exemption statutes, courts have held that there should be a general rule of liberality. In effect, when there is a doubt as to the intent of the statute, the interpretation should be construed in favor of the debtor. *In re Everhart,* 11 B.R. 770 (Bankr. N.D.Ohio 1981); *Butz v. Jordan,* 3 B.C.D. 888 (S.D. Ohio 1977). On the other hand, the amendments to the Ohio exemption statute have adopted almost identical language to the corresponding federal Bankruptcy Code provisions. These amendments include the exemptions in question in this case. Since there is neither Ohio case law, nor Ohio legislative history concerning the issue before the Court, the Court will look to the intent of Congress when enacting the earlier legislation. From this, the Court may logically infer the intent of the State Legislature in adopting almost identical language. *In re Phillips,* 45 B.R. 529, 531 (Bankr. N.D.Ohio 1984); *Matter of Osburn,* 56 B.R. 867, 875 (Bankr. S.D.Ohio 1986).

The intent of the drafters of 11 U.S.C. 522(d)(10)(E) is presented in the House Report which states:

Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), and benefits under a certain stock bonus, pension, profitsharing, annuity, or similar plan based on illness, disability, death, age or length of service. H.R. Rep. no. 595, 95th Cong., 1st Sess. 362 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News, 5787, 6318.

Unfortunately, no court has considered the applicability of this corresponding federal statute, § 522(d)(10)(E), to a structured tort settlement funded by an annuity.

Although both exemption statutes use the word "annuity", it must be considered within the context of the provision. That provision, § 2329.66(A)(10)(b) for Ohio and § 522(d)(10)(E) in the federal statute, deals with retirement, unemployment compensation, alimony, disability payments and things of that nature. "That nature" being payments which are "akin to future earnings of the debtor". House Report, *supra.* Notably, the sources of the listed exempt payments are chiefly an employer, former spouse, or a government entity. Consequently, an examination of the provision leads to the inference that an annuity which is merely in settlement of a tort suit was not contemplated by the drafters. It appears they were concerned mainly with annuities as used in retirement and disability planning.

Moreover, an examination of the second section under which the Debtor claims exemption, § 2329.66(A)(12)(c), which corresponds to § 522(d)(11)(D), finds a much more specific exemption for payments compensating the debtor for "personal bodily injury".

Where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must

be taken to affect only such cases within its general language as are not within the provisions of the particular provision. 73 Am.Jur.2d *Statutes* § 257. This rule of statutory construction is of equal importance in considering the intent behind another provision, O.R.C. § 2329.66(A)(12)(d).

Ohio exemption § 2329.66(A)(12)(d), and the corresponding federal statute 11 U.S.C. § 522(d)(11)(E), allow an exemption for a payment in *compensation* for a loss of future earnings, to the extent reasonably necessary for the support of the debtor and any dependants. The word "compensation" would seem to indicate that this was the section for tort settlements. Further, this provision, in the Ohio Revised Code, comes directly after a list of three other exemptions, within the subsection, which allow exemptions for "an award of reparations", "payments on account of wrongful death", and "payment on account of personal bodily injury". In short, it appears that the probable intention was to group all tort related exemptions in one subsection. That subsection being § 2329.66(A)(12) of the O.R.C. There is no reason to infer that they intended to allow exemption under a different subsection based upon how a tort settlement was funded. The method of funding is not a distinction upon which the legislature would intentionally draft a difference in treatment. It is therefore the opinion of this Court that O.R.C. § 2329.66(A)(10)(b) does not allow the exemption of an annuity which is used to fund a structured tort settlement.

The recent decision of the United States Court of Appeals for the Fifth Circuit, arrives at a similar result in interpreting Louisiana state law. The Court found that annuity payments from a structured tort settlement were not covered by an exemption statute which allows exemption for "annuities". *Young v. Adler (Matter of Young)*, 806 F.2d 1303 (5th Cir.1987). Although the Court of Appeals' reasoning differs from that in this case, it must be noted that the Court of Appeals was interpreting a different statute with somewhat different facts. In *Young*, the Debtor was an attorney who had apparently negotiated a structured settlement and taken a percentage of the payments as fees.

Finally, the Debtor's claim of exemption under § 2329.66(A)(10)(b) must fail for evidentiary reasons. This section states that the exemption is only allowed to the extent necessary for the support of the debtor and the dependants of the debtor. No evidence has been presented to the Court bearing on the necessity of these payments as support. The Debtor in this case is working and has a monthly take home pay of approximately $1,600.00. This fact seems to indicate that the settlement was not made on account of "disability" or "illness" as required by the statute. Accordingly, it appears that the only section under which the Debtor can exempt the tort settlement is § 2329.-66(A)(12)(c).

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is therefore ORDERED that the Objection of the Huntington Bank is SUSTAINED.

It is FURTHER ORDERED that the Debtor amend his schedule of exemptions to remove the claim of exemption under O.R.C. § 2329.66(A)(10)(b) and recalculate the exemption of the tort settlement payments using only O.R.C. § 2329.-66(A)(12)(c).