### In re Kent M. and Connie J. JOHNSON, Debtors.

### Bankruptcy No. 89–05129.

United States Bankruptcy Court,
D. North Dakota.

Nov. 30, 1989.

Phillip D. Armstrong, Minot, N.D., for debtors.

Kent L. Johnson, Minot, N.D., trustee.

Michael Sturdevant, Williston, N.D., for Ray Cooperative Credit Union.

### MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the court is a Motion for Reconsideration of an Order Regarding Exemptions filed on July 13, 1989, by Ray Cooperative Credit Union. On May 5, 1989, Ray Cooperative Credit Union filed an objection to several of the Debtors' claims of exemption. One of these objections concerned an annuity of which the Debtor, Connie J. Johnson is a beneficiary. On June 26, 1989, a hearing was conducted before this court regarding these claimed exemptions. As a result of this hearing an Order was filed on July 7, 1989, providing that the subject annuity was a right to receive a payment traceable to a damage settlement resulting from personal bodily injury and therefore exempt pursuant to the parameters of North Dakota Century Code § 28–22–03.1(4). The Order further provided that—

> One-half (½) of the payments of the subject annuity contract shall be exempt in full to the Debtors and that $7,500.00 in present value of the other one-half (½) of such payment shall be exempt to the Debtors but that the balance thereof shall be non-exempt.

Ray Cooperative Credit Union moved this court to reconsider only the amount of the exemption granted in the Order dated July 7, 1989. Ray Cooperative Credit Union asserts that an exemption for a payment on account of personal bodily injury is limited to $7,500.00 pursuant to North Dakota Century Code § 28–22–03.1(4)(b). The Debtor resists the Credit Union's motion and contends that the previous court order should stand. This court granted Ray Cooperative

Credit Union's motion to reconsider and pursuant to that order held an evidentiary hearing on November 1, 1989, to determine what amount, if any, of the subject annuity is attributable to property damage, actual pecuniary loss, pain and suffering, lost wages and actual physical injury pursuant to North Dakota Century Code § 28–22–03.1(4)(b).

### 1.

The facts in this case are generally undisputed. The Debtor, Connie J. Johnson f/k/a Connie J. Dahl, was injured in an automobile accident near Tioga, North Dakota in 1980. Ms. Johnson entered into a settlement agreement with the insurer of the driver of the other vehicle. The settlement agreement provides to release the insurer of all claims in return for three cash payments. Under the settlement agreement Ms. Johnson receives:

$5,000.00 August 23, 1984 (date of execution of settlement)

$15,000.00 May 13, 1991

$57,750.00 May 13, 2001

These payments are funded by an annuity which is the subject of this action. The subject annuity is owned by the insurer with Ms. Johnson as beneficiary. The settlement agreement further provides that the purchase of the annuity does not release the insurer of its obligation to make the agreed payments. Thus, the insurer remains as guarantor of the annuity payments.

The evidentiary hearing was conducted before this court on November 1, 1989. As stated in the Order for Rehearing the court required more facts to determine what amount, if any, of the subject annuity was attributable to property damage, actual pecuniary loss, pain and suffering, lost wages, and actual physical injury, in order to more accurately determine the amount of exemption allowable pursuant to North Dakota Century Code § 28–22–03.1(4)(b). The Debtor's attorney presented no evidence concerning how to apportion the settlement award but merely asserted, as he did in the objection to exemption hearing, that the annuity was totally exempt pursuant to § 29–22–03.1(3) (exemption for pensions, annuities, life insurance, IRA's Keoghs, etc.). The attorney for the Credit Union did concede that the bodily injury sustained by Ms. Johnson in the accident, was of the type which $7,500.00 could be attributed, however, he also presented no evidence on how the court should apportion the annuity award payments.

This court has previously determined, by Order dated July 7, 1989, "that the subject sums to be received by Debtor Connie J. Johnson are not an annuity but rather a right to receive payment traceable to the settlement of damages resulting from a personal bodily injury." (Order Regarding Exemptions P. 2) Pursuant to the Order for Rehearing dated August 9, 1989, the only issue properly before the court was to apportion the settlement payments. However, this court will again discuss the issue raised by the Debtors of whether the subject annuity is exempt under North Dakota Century Code § 28–22–03.1(3) as an "annuity" under § 28–22–03.1(4)(b) as a payment on account of personal bodily injury.

### 2.

The Debtor asserts that the annuity is exempt under the provisions of North Dakota Century Code § 28–22–03.1(3) which provides in part:

(3). Pensions: *annuity policies* or plans; life insurance policy which upon the death of the insured would be payable to a spouse ...; investment retirement accounts (IRA's); Keogh's and simplified employee benefit plans.... N.D. Cent.Code § 28–22–03.1(3). (Emphasis added).

In contrast North Dakota Century Code § 28–22–03.1(4)(b) provides that a debtor may exempt:

a payment, not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent. N.D.Cent.Code § 28–22–03.1(4)(b).

The North Dakota exemption statutes have adopted almost identical language to the

corresponding Federal Bankruptcy Code provisions.[1] However, section 28–22–03.1(3) does not contain language requiring "annuities" to bear a relationship to illness, age, disability, etc. as does the federal exemption of section 522(d)(10)(E). However, both the Bankruptcy Code and the North Dakota statute deals with pensions and similar instruments.

■ In deciding the issue of whether a structured tort settlement annuity may be exempted under North Dakota Century Code 28–22–03.1(3) the case of *In re Simon,* 71 B.R. 65 (Bankr.N.D.Ohio 1987), is instructive. In *Simon,* the debtor attempted to exempt annuity payments of a structured tort settlement agreement between the debtor and an insurance company under an Ohio exemption statute similar in nature to North Dakota Century Code § 28–22–03.1(3).[2] A creditor bank in *Simon* objected to this exemption and claimed that the annuity should be exempt under an Ohio exemption dealing with payments on account of personal bodily injury. *Id.*[3] The Ohio bankruptcy court reasoned that the term "annuity" as used in the Ohio statute, which is akin to the federal exemption in section 522(d)(10)(E) and similar to N.D.Cent.Code § 28–22–03.1(3) deals with retirement, unemployment compensation, alimony, disability payments, and things of that nature. The *Simon* court stated that considering the exemption statute as a whole "an annuity which is merely in settlement of a tort suit was not contemplated by the drafters. It appears they were concerned mainly with annuities as used in

retirement and disability planning." *Id.* In addition, the *Simon* court found that the exemption statute covering personal bodily injury was more specific and therefore, the tort settlement should be covered by that exemption. *Id.* Therefore, the *Simon* court concluded that the only section under which the debtor could exempt the tort settlement annuity was the section concerning personal bodily injury. *Id.* at 67. The court's reasoning in *Simon* may be applied to the instant case. It is true that North Dakota Century Code § 28–22–03.1(3) uses the word "annuity", however, it must be considered within the context of the entire provision. Section 28–22–03.1(3) as does the federal exemption [section 522(d)(10)(E)] deals with pensions, life insurance, individual retirement accounts (IRA), Keogh Plans, employee pensions, and things of that nature. The type of instruments are mainly concerned with retirement or death. Therefore, it is reasonable to infer that the North Dakota legislature intended for "annuities" in the context of retirement instruments be exempted, not annuities based upon tort settlements.

A similar result was reached in the Fifth Circuit decision of *Young v. Adler,* 806 F.2d 1303 (5th Cir.1987). In *Young,* a debtor attempted to exempt annuity payments from a structured tort settlement agreement. *Id.* at 1305. The Fifth Circuit concluded that the structured tort settlement agreement was more in the nature of an "accounts receivable" than an annuity as contemplated in the exemption statute. *Id.*

1. Bankruptcy Code section 522(d)(10)(E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor,.... 11 U.S.C. § 522(d)(10)(E).

Bankruptcy Code section 522(d)(11)(D) provides a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent;.... 11 U.S.C. § 522(d)(11)(D).

2. *Id.* The Ohio statute in question was O.R.C. section 2329.66(A)(10)(b) which provides in per-

tinent part: (b) the persons right to receive a payment under any pension, *annuity,* or similar plan or contract ... on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the person and any of his dependents.... *Id;* O.R.C. § 2329.66(A)(10)(b).

3. *Id.* The Ohio statute in question was O.R.C. § 2329.66(A)(12)(c) which states: (c) a payment, not to exceed $5,000.00 on account of personal bodily injury, not including paid and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent; the Ohio statute differs from the North Dakota exemption statute only in the amount that a debtor can exempt. *Id;* O.R.C. § 2329.66(A)(10)(b).

The court in *Young* defined an annuity as a right to receive fixed periodic payments either for life or for a term of years. *Id.* at 1306. In contrast, the *Young* court defined an accounts receivable as a "claim against a debtor usually arising from sales or services rendered." *Id.* The *Young* court further described the difference between an annuity and an accounts receivable by stating:

> Its [annuities] determining characteristic is that the annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived. The purchaser of an annuity surrenders all right and title in and to the money he pays for it. On the other hand, where a debtor agrees to pay his creditor in installments at regular intervals, the debt or principal sum itself is due to the creditor although payable only in the manner agreed upon; it is an account receivable in which he has a property interest. Therefore, installment payments of a debt, or payments of interest on a debt, do not constitute an annuity. *Id.* at 1307.

The structured settlement agreement between Ms. Johnson and the insurance company created a debtor-creditor relationship. The insurance company has agreed to pay Ms. Johnson a sum of money over time. The fact that the settlement agreement is funded by an annuity, bears little relevance in this debtor-creditor relationship. For example, if the annuity contract were to go in default, Ms. Johnson would still have a right to the payments from the insurer as guarantor of the annuity. The principal sum agreed to in the settlement agreement would still remain due. Therefore, the subject annuity contract merely represents installment payments of the underlying debt between Ms. Johnson and the insurer by way of the settlement agreement. *Id.* at 1307. It is the substance of the arrangement rather than the label affixed to it that determines whether the payments are exempt under North Dakota law. *See, Id.* at 1307. Therefore, the annuity payments received by Ms. Johnson are nothing more than interval payments made on an under-

lying debt, which represents payments on account of personal bodily injury.

The decisions in *Simon, Young* and this court are consistent with a line of cases in which courts have disallowed claimed exemptions of annuity contracts created to pay winners of lotteries. *In re Brown*, 86 B.R. 944 (N.D.Ind.1988) (annuity payments are part of the bankruptcy estate); *In re Miller*, 16 B.R. 790, 791 (Bankr.Md.1982) (lottery winnings under which state purchased annuity for benefit of debtor were not exempt under section of code providing for exemption of a payment under stock bonus, pension, profit sharing, *annuity*, or similar plan or contract ...).

Nor should this decision be read to conflict with the area of pre-bankruptcy estate planning developed in this District and the Eighth Circuit. This court realizes that if Ms. Johnson had accepted a lump sum settlement payment in 1984 and then purchased an annuity policy of the kind contemplated in North Dakota Century Code § 28–22–03.1(3) or other exempt asset the payments would have clearly been exempt. *See In re Young*, 806 F.2d 1303, 1307 (5th Cir.1987). This factual distinction is important because under the scenario described by the court the insurer would have terminated any obligation owed to Ms. Johnson in 1984, and Ms. Johnson would have transferred her interest in the settlement agreement into an exempt asset. This is not what happened in the present case. Ms. Johnson's interest in the settlement proceeds remain in a non-exempt asset, as payments on account of personal bodily injury.

Moreover, the subject annuity finds a much more specific exemption for payments on account of personal bodily injury. It is a general rule of statutory construction that, a special or more specific provision must prevail over general provisions relating to the same subject matter, absent a manifestation of legislative intent to the contrary. N.D.Cent.Code § 1–02–07; *Mid American Real Estate and Investment Corporation v. Lund*, 353 N.W.2d 286, 290 (N.D.1984); *Bumann v. St. Paul Fire and Marine Insurance Company*, 312 N.W.2d

459 (N.D.1981); *State v. Goetz,* 312 N.W.2d 1 (N.D.1981). Bearing in mind this rule of statutory construction, it is apparent that North Dakota Century Code § 28–22–03.1(4)(b) which concerns payments on account of personal bodily injury, is the more specifically related provision and should apply to this structured tort settlement funded by the subject annuity.

Therefore, the structured tort settlement annuity purchased for Ms. Johnson is not exempt under § 28–22–03.1(3) but is more specifically covered and, as the facts demonstrate, is clearly a payment on account of personal bodily injury and covered by the exemption under North Dakota Century Code § 28–22–03.1(4)(b).

 However, once determining that § 28–22–03.1(4)(b) applies to the subject annuity the issue becomes how much of the annuity payments may be exempted. North Dakota Century Code § 28–11–03.1(4)(b) is identical to the federal exemption contained in Bankruptcy Code section 522(d)(11)(D). Section 28–22–03.-1(4)(b) as does section 522(d)(11)(D) provides that $7,500.00 may be exempted for actual personal bodily injury. The legislative history to the federal exemption indicates that the provision "is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings." H.R.Rep. No. 595, 95th Cong. 1st Sess. 362, *reprinted in* 1978 U.S.Code Cong. and Admin. News 5787, 5963, 6318. *In re Haga,* 48 B.R. 492, 495 (Bankr.E.D.Tenn.1985); *In re Territo,* 32 B.R. 377, 381 (Bankr.E.D.N.Y.1983). While actual personal bodily injury or personal bodily injury is not defined by the Code, the Debtor's injuries must be substantial enough to qualify as a personal injury. *In re Territo,* 32 B.R. 377, 381 (Bankr.E.D.N.Y.1983). The parties have agreed that Ms. Johnson suffered a bodily injury which was serious enough to attribute $7,500.00 of compensation. Absent a clear definition under the Bankruptcy Code this court will accept that the injury was both personal and serious. Therefore, because of the serious nature of the injury this court will allow the full $7,500.00 exemption pursuant to North Dakota Century Code § 28–22–03.1(4)(b).

For the above stated reasons the objection of Ray Cooperative Credit Union as expressed in its motion for reconsideration is sustained. Upon reconsideration, the Debtors' claim of exemption in annuity payments stemming from the settlement agreement is limited to $7,500.00 under N.D.Cent.Code § 28–22–03.1(4)(b).

IT IS SO ORDERED.