**In re Basil S. CULLISON, Debtor.**

**Bankruptcy No. 2–88–05167.**

United States Bankruptcy Court, S.D. Ohio, E.D.

April 12, 1990.

Michael S. Marlin, Columbus, Ohio, for debtor.

Richard K. Stovall, Columbus, Ohio, for Trustee.

Charles M. Caldwell, Columbus, Ohio, Office of the U.S. Trustee.

### OPINION AND ORDER ON OBJECTION TO THE CLAIM OF EXEMPT PROPERTY

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an objection to the Debtor's claim of exemption for an interest in a life or endowment insurance or annuity or proceeds thereof. The objection was filed by Thomas C. Scott, the duly appointed trustee of this bankruptcy estate, and was heard by the Court.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) which this bankruptcy judge may hear and determine.

On October 11, 1988 Basil S. Cullison ("Debtor") filed a petition and schedules with this Court under the provisions of Chapter 7 of the Bankruptcy Code. Included on the schedule of personal property was an interest in the O'Bleness Memorial Hospital Tax Shelter Annuity (the "Interest"). The Interest was claimed as exempt both under the provisions of Ohio Rev.Code §§ 2329.66(A)(6)(b) and 3911.10 and under Ohio Rev.Code § 2329.66(A)(10)(b & c) and (11). The Trustee objected only to the Debtor's claim of exemption under Ohio Rev.Code §§ 2329.66(A)(6)(b) and 3911.10.

The Debtor is employed by O'Bleness Memorial Hospital ("O'Bleness"). His employment carries with it a right to participate in the O'Bleness Memorial Hospital Tax Sheltered Annuity Plan for Salaried Employees (the "Plan"). Contributions to the Plan attributable to the Debtor's Interest were made entirely by O'Bleness. As of November 30, 1988 the Debtor's Interest in the Plan totalled $6,591.60.

The Trustee's objection appears to have two bases: First, the Trustee asserts that the Interest is not necessary for the support of the Debtor or his dependents. Second, the Trustee objects to the Debtor's characterization of the Interest as an annuity within the meaning of the Ohio exemption statute.

The Debtor, on the other hand, asserts that the Interest is not property of his bankruptcy estate because it is protected from inclusion by provisions in the ERISA statute. The Debtor further points out that the necessity of the Interest for his support is not part of the statutory provision to which the Trustee has objected.

This Court previously has determined that qualification of an interest in a trust for tax treatment under ERISA does not, per se, prevent that interest from becoming property of a debtor's bankruptcy estate under 11 U.S.C. § 541(a), despite anti-alienation language in the ERISA statute. *See In re Leimbach,* 99 B.R. 796 (Bankr.S.D. Ohio 1989). Therefore, that issue in this matter was orally ruled upon at the hearing.

■ The Court further finds that the necessity or reasonableness of the Interest for support of the Debtor or his dependents is not part of the Ohio exemption statute objected to by the Trustee. Accordingly, any objection on that ground is not appropriate.

■ Finally, only one issue remains for decision by the Court at this time. That issue is whether the Interest is an "annuity" for purposes of exemption under Ohio Rev.Code §§ 2329.66(A)(6)(b) and 3911.10.

The exemption granted to the Debtor by Ohio Revised Code § 2329.66(A)(6)(b) states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(6) ...

(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code.

Section 2329.66(A)(6)(b) expressly incorporates Ohio Rev.Code § 3911.10. Section 3911.10, in turn, states in relevant part:

All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any relative dependent upon such person, or any creditor, or to a trustee for the benefit of such spouse, children, dependent relative, or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

Ohio Rev.Code Ann. § 3911.10 (Anderson 1989).

The exemption contemplated by Ohio Rev.Code 3911.10 is for "contracts of life or endowment insurance or annuities upon the life of any person...." By its terms that statute contemplates either a contract of life insurance where the beneficiary has one of the stated relationships to the Debtor or an insurance contract providing for payments in predetermined regular payments as an annuity. The Debtor's interest in the Plan prior to his retirement date, however, is not in the nature of life insurance, but rather is an interest in a pension savings plan funded by his employer. The Debtor's right to the $6,591.60 in the Plan is not dependent upon his death and is not a contract upon the Debtor's life or insurance. Nor is it a contract taken out for the benefit of his spouse, although she may have rights to his Interest should the Debtor die before the Interest is paid out to him. Therefore, the Debtor's Interest in the Plan is not an annuity within the meaning of Ohio Revised Code § 3911.10.

Based on the foregoing, the Court finds that the Debtor's claim of exemption for an annuity is not well taken. The Trustee's objection to the Debtor's claim of exemption based upon the provisions of Ohio Rev. Code §§ 2329.66(A)(6)(b) and 3911.10 for an interest in and proceeds of a life or endowment insurance or annuity is sustained. The Debtor's claim of exemption based upon those provisions therefore, shall be, and the same hereby is denied.

IT IS SO ORDERED.