In re Daniel Luke RHINEBOLT, Karen Anne Rhinebolt, Debtors.

Bankruptcy No. 2–90–08594.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Sept. 18, 1991.

Marshall D. Cohen, M. Cohen & Associates, Columbus, Ohio, for debtors.

Sara J. Daneman, Chester, Hoffman, Willcox & Saxbe, Columbus, Ohio, Chapter 7 Trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## OPINION AND ORDER

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Preliminary Matters*

This matter is before the Court upon the Objection to Exemption Claim ("Objection") filed by Sara J. Daneman, the duly appointed trustee in this Chapter 7 case. An evidentiary hearing was held on April 8, 1991, following which the matter was taken under advisement.

The Court is vested with jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine in accordance with 28 U.S.C. § 157(b)(2)(A) and (O).

### II. *Finding of Facts*

1. On December 27, 1990, Daniel Luke and Karen Ann Rhinebolt, the debtors, voluntarily filed a joint petition under the provisions of Chapter 7 of the Bankruptcy Code.

2. Schedule B–2 of the debtors' bankruptcy schedules discloses Karen Rhinebolt's (hereinafter referred to as the "Debtor" or "Rhinebolt") interest in an annuity ("Annuity"). The Annuity is valued at $6,000 and is claimed as exempt pursuant to Ohio Revised Code § 2329.66(A)(6)(b). At the hearing, the debtors requested leave of the Court, which was granted, to amend their schedules to also claim the Annuity as exempt under O.R.C. § 2329.66(A)(10)(b). The debtors subsequently filed a written motion seeking to amend their schedules as requested. The amount of $7,482.69 of the Annuity is claimed as exempt under O.R.C. § 2329.66(A)(6)(b) and the remaining balance as exempt under 2329.66(A)(10)(b).

3. The trustee opposes the allowance of the debtors' claim of exemption under O.R.C. § 2329.66(A)(6)(b) and their amended claim of exemption under § 2329.-66(A)(10)(b), and requests its disallowance.

4. The parties stipulated that the Annuity is part of a structured settlement agreement between Rhinebolt and First Executive Corporation on behalf of its insured, who was a defendant in a lawsuit brought by Rhinebolt for damages resulting from a personal bodily injury. The agreement, executed by the parties on June 24, 1986, was made in settlement of the lawsuit. Pursuant to the agreement, Rhinebolt is to receive $287.73 per month for her natural

life, thirty years certain, and an additional single lumpsum cash payment in the amount of $143,141 at the end of the thirtieth year. The beneficiary of the Annuity is Rhinebolt's estate.

5. On March 13, 1987, Rhinebolt executed a loan agreement in the amount of $10,636.64 with Credithrift of America ("Credithrift"). Under the terms of the loan agreement, Rhinebolt assigned her right, title and interest in sixty consecutive Annuity payments in the amount of $287.73 per month to Credithrift. The debtors' schedules disclose that the sum of $6,000 currently is due and owing to Credithrift.

### III. *Conclusions of Law*

Section 522 of the Bankruptcy Code provides a federal exemption scheme for debtors. Section 522(b), however, permits a state to prevent its citizens from using the federal exemption scheme. Ohio has "opted out" of the federal exemption scheme, thereby restricting debtors domiciled in this state to claim an interest in property as exempt from the bankruptcy estate only as permitted by Ohio law. *See* Ohio Revised Code ("O.R.C.") § 2329.66.

Section 2329.66(A)(10)(b), upon which the debtors base one prong of their claim of exemption, provides an exemption for a "person's right to receive payment under any pension, annuity, or similar plan or contract, ... on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents." O.R.C. § 2329.66(A)(6)(b), upon which the debtors also premise their exemption claim, provides that a person's interest in an annuity is exempt to the extent set forth in O.R.C. § 3911.10. Section 3911.10 provides the following exemption for a debtor's interest in an annuity:

All contracts of life or endowment insurance or annuities upon the life of any person, *or any interest therein*, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of the beneficiary, transfer, or assignment to, *the spouse or children or any relative dependent upon such person, or any cred-*

*itor* ... shall be held ... free from all claims of creditors of such insured person or annuitant. Ohio Rev.Code Ann. § 3911.10 (Anderson 1989) (emphasis added).

 The initial burden of producing evidence to rebut the propriety of a claimed exemption rests on the objecting party. *See* Fed.R.Bankr.P. 4003(c). Upon the introduction of sufficient evidence to rebut the *prima facie* validity of the exemption, the burden shifts to the debtors to demonstrate that the exemption is proper. *See In re Lester,* 124 B.R. 63 (Bankr.S.D.Ohio 1990); *In re Hollar,* 79 B.R. 294, 296 (Bankr.S.D.Ohio 1987).

 The Court notes that there is a general rule of liberality in interpreting Ohio's exemption laws. *In re Simon,* 71 B.R. 65, 66 (Bankr.N.D.Ohio 1987). When doubt exists as to the intent of the statute, that doubt should be resolved in favor of the debtor. *In re Bell,* 80 B.R. 97 (Bankr. N.D.Ohio 1987); *Simon,* 71 B.R. at 66 (Bankr.N.D.Ohio 1987); *In re Everhart,* 11 B.R. 770 (Bankr.N.D.Ohio 1981).

### A. *Ohio Revised Code § 2329.66(A)(10)(b)*

 The debtors assert that the balance of the Annuity, that portion not assigned to Credithrift, is exempt under O.R.C. § 2329.66(A)(10)(b). Again, this section exempts one's right to receive payment "under any pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents." The debtors support this claim only by attempting to prove the Annuity is reasonably necessary for the debtors' support. The trustee's argument against exemption is dual. First, it is contended that the legislative intent of § 2329.66(A)(10)(b) was to exempt those annuities in the nature of retirement and disability pension plans, not those set up solely to fund a tort settlement. The trustee's alternative theory, if the Annuity is found to be included within the terms of § 2329.66(A)(10)(b), is that the exemption must be disallowed as it is not reasonably necessary for the support of

Rhinebolt and her dependents. The initial dispute is whether § 2329.66(A)(10)(b) covers an annuity that is part of a structured settlement agreement. Upon the trustee's submission of sufficient evidence to rebut the *prima facie* validity of the exemption, the burden shifted to the debtors to prove the claimed exemption is proper. The debtors need to demonstrate, firstly, that the Annuity falls within the purview of § 2329.66(A)(10)(b) and, secondly, if § 2329.66(A)(10)(b) is found to be applicable, that the Annuity is reasonably necessary for the support of Rhinebolt and her dependents.

" 'An annuity ... is an obligation by a person or a company to pay to the annuitant a certain sum of money at stated times during life or a specified number of years, in consideration of a gross sum paid for such obligation....' " *Bronson v. Glander*, 149 Ohio St. 57, 59, 77 N.E.2d 471, 472 (1948) (citing *Chisholm v. Shields*, 67 Ohio St. 374, 378, 66 N.E. 93, 94 (1902); *Fuller v. Glander*, 146 Ohio St. 283, 286, 65 N.E.2d 713, 715 (1946); *McNally v. Evatt*, 146 Ohio St. 443, 446, 66 N.E.2d 633, 635 (1946)). Annuity payments represent a partial return of capital and a return on the capital investment. *Black's Law Dictionary* 46 (5th ed. 1987). An annuity paid as part of a structured tort settlement is neither "in consideration of a gross sum paid for such obligation" nor does it represent a return of capital.

The court in *In re Simon*, 71 B.R. 65 (Bankr.N.D.Ohio 1987), was faced with this same issue. In *Simon*, as in the case at hand, the debtor sought, pursuant to § 2329.66(A)(10)(b), to exempt the annuity payments from a structured tort settlement agreement between the debtor and an insurance company. As there was neither Ohio case law nor legislative history addressing this issue, the *Simon* court looked to the intent of Congress in enacting § 522(d)(10)(E), the federal counterpart of § 2329.66(A)(10)(b). The legislative history accompanying § 522(d)(10)(E) reflects that " '[p]aragraph 10 exempts certain benefits that are akin to future earnings of the debtor.' " *Id.* (quoting H.R.Rep. 595, 95th Cong., 1st Sess. 362 (1977)), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 6318. According to the *Simon* court, the word "annuity," considered within the context of the provision, does not include annuity payments based upon structured tort settlements; these payments are not in the nature of future earnings. "It appears that they [the drafters] were concerned mainly with annuities as used in retirement and disability planning." *Id.* at 66. Accordingly, the *Simon* court disallowed the exemption claim asserted in that case. *See also In re Johnson*, 108 B.R. 240 (Bankr. D.N.D.1989).

A similar result was reached by the Fifth Circuit Court of Appeals in *Young v. Adler*, 806 F.2d 1303 (5th Cir.1987). As in the present case, the debtor sought to claim as exempt his interest in a structured tort settlement agreement. *Id.* at 1305. The Fifth Circuit concluded that such an exemption was not contemplated by the statute. The court defined an annuity as "a right to receive fixed, periodic payments, either for life or for a term of years." *Id.* at 1306. The court reasoned that an annuity which is based upon a structured tort settlement resembles an account receivable—"a claim against a debtor usually arising from sales or services rendered"—more than it resembles an annuity. *Id.* Thus, the structured settlement agreement between the debtor and the insurance company created a debtor-creditor relationship with the insurance company agreeing to pay the debtor a sum of money over time. The fact that the payments to the debtor were funded by an annuity, concluded the Fifth Circuit, was of little significance. Under the applicable state law, Louisiana, the "substance of the arrangement rather than the label affixed to it determines whether the payments are exempt." *Id.* at 1307. Accordingly, the court disallowed the debtor's claim of exemption.

Likewise, the court in *In re Johnson*, 108 B.R. 240, 243 (Bankr.D.N.D.1989) found that a structured settlement agreement merely represented installment payments on the underlying debt between the debtor and the insurer by way of the settlement

agreement. The *Johnson* court also noted that the reasoning employed by the courts in *Simon* and *Young* was consistent with a line of cases in which courts have disallowed claimed exemptions of annuity contracts created to pay winners of lotteries. *In re Brown*, 86 B.R. 944 (N.D.Ind.1988); *In re Miller*, 16 B.R. 790, 791 (Bankr.Md. 1982). As such, the *Johnson* court disallowed the claim of exemption on this ground.

Utilizing the foregoing persuasive authorities as a guide, the Court concludes that the exemption claim under § 2329.66(A)(10)(b) should be disallowed. The structured tort settlement agreement entered into by the debtor is not in the nature of future earnings. The Annuity was set up simply to provide a method by which to fund the settlement of the Debtor's tort lawsuit. The drafters of § 2329.66(A)(10)(b) did not mean to exempt such an agreement.

■ Moreover, even if the Court had found that the Annuity fell within the meaning of the term in O.R.C. § 2329.66(A)(10)(b), the evidence presented by the Debtor does not persuade the Court that the Annuity payments are reasonably necessary for the support and maintenance of the debtor and any of her dependents. *In re Simon*, 71 B.R. at 67. To the contrary, the husband is gainfully employed by Remax, Incorporated. The family has health insurance through Remax which covers eighty percent of their health care. The debtors live with Rhinebolt's mother and do not have a monthly mortgage payment or rental obligation. They own two automobiles, both of which are paid off. Additionally, Rhinebolt did not establish that she was unable to obtain any type of employment due to her injury. It is conceded that Rhinebolt still suffers from injuries caused by the accident that is the subject of the structured settlement agreement and that she needs additional surgery to repair some of the physical damage caused. However, even if this Annuity were exempt under § 2329.66(A)(10)(b), the debtors have not presented evidence of the cost of this surgery nor of what cost is not already covered under the family's health plan. Under these circumstances, the Court is hard-pressed to find that the Annuity payments are reasonably necessary for the support of the Debtor and her dependents.

**B.** *Ohio Revised Code §§ 2329.66(A)(6)(b) and 3911.10*

■ O.R.C. § 2329.66(A)(6)(b) provides an exemption for annuities as set forth in O.R.C. § 3911.10.

All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of the beneficiary, transfer, *or assignment to, the spouse or children or any relative dependent upon such person, or any creditor ...* shall be held ... free from all claims of creditors of such insured person or annuitant. Ohio Rev.Code Ann. § 3911.10 (Anderson 1989) (emphasis added).

By its terms, the duration of the Annuity is for Rhinebolt's natural life, thirty years certain. The Annuity's named beneficiary is Rhinebolt's estate, but Rhinebolt's right, title, and interest in sixty consecutive Annuity payments was assigned to Credithrift pursuant to a loan agreement. The debtors argue that since Credithrift is a creditor to whom the debtors have assigned a portion of the proceeds of the Annuity, which is for Rhinebolt's natural life, the plain language of O.R.C. § 3911.10 renders the portion assigned exempt.

The trustee's objection to this theory of exemption is based on the assertion that O.R.C. § 3911.10 exempts only those annuities which are akin to life insurance policies. The statute's qualification of the term "annuities" by the phrase "upon the life of any person" leads to this conclusion. The basic issue is whether or not this particular Annuity is covered by § 3911.10. No case specifically addressing this appears to have been decided. The legislative history of § 3911.10 is not helpful.

The case of *In re Fichter*, 45 B.R. 534 (Bankr.N.D.Ohio 1984), which held that an

individual retirement annuity was not exempt under § 3911.10, is cited by the trustee in support of the Objection.[1] The court in *Fichter* found that Chapter 39 of the O.R.C., which contains § 3911.10, deals entirely with insurance. *Id.* at 536. This fact is an indication that only those annuities which are akin to life insurance are meant to be exempt. The court also determined that the individual retirement plan did not meet the two necessary qualifications of § 3911.10: that the annuity be upon the life of any person and, secondly, that it be for the benefit of the spouse, children, dependent relative, or creditor. *Id.* at 536. Another significant factor in the decision was the recognition of the different purposes of an individual retirement annuity and a life insurance policy. The primary purpose of life insurance is to pay dependents while that of an individual retirement annuity is to provide for the retirement of the owner. *Id.* at 536. In a more recent case construing § 3911.10, a debtor's interest in an employee tax shelter annuity was found not to be exempt. *In re Cullison*, 117 B.R. 314 (Bankr.S.D.Ohio 1990). The court reasoned that § 3911.10 "contemplates either a contract of life insurance where the beneficiary has one of the stated relationships to the Debtor or an insurance contract providing for payments in predetermined regular payments as an annuity." *Id.* at 316.

The settlement annuity at issue in *Simon* is seemingly identical to Rhinebolt's Annuity. The key difference between this case and *Simon* is that there was no assignment made to any creditor by the debtor in *Simon*. Due only to her assignment to Credithrift, Rhinebolt is able to utilize § 3911.10 as an additional theory of exemption. Holding such payments of an annuity exempt merely because of assignment to a creditor would result in a possible abuse of the bankruptcy process. The debtor in *Simon* could have assigned his entire annuity interest to creditors and thereby obtained an opposite holding.

Although § 3911.10 appears at first blush to exempt that portion of Rhinebolt's Annuity assigned to Credithrift, this Court is of the inclination that such a reading would distort the purpose of the statute. Rhinebolt's Annuity appears to be an annuity in name only and is actually more closely related to an account receivable. Labelling the arrangement between Rhinebolt and First Executive Corporation an "annuity" does not disclose the agreement's true substance; the Annuity was set up to fund the settlement of a lawsuit. First Executive Corporation is obligated to make payments to Rhinebolt over her lifetime. Rhinebolt is not receiving a return on an investment. The debtors have failed to demonstrate the propriety of the claimed exemption. The Court concludes that the portion of the Annuity assigned to Credithrift cannot be held to be exempt under § 3911.10.

C. *Ohio Revised Code § 2329.66(A)(12)(c)*

The Court notes that a possible exemption could have been claimed pursuant to O.R.C. § 2329.66(A)(12)(c) which provides as exempt: "A payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent." The court in *Fichter*, dealing with the same type of annuity as is at issue here, allowed the exemption under § 2329.66(A)(12)(c). *Simon*, 71 B.R. at 67. However, the duty of claiming an exemption is that of the debtor. Fed.R.Bankr.P. 4003(a). This Court will not introduce *sua sponte* an additional theory of exemption.

Based upon the foregoing, the claims of exemption under O.R.C. §§ 2329.66(A)(6)(b) and (A)(10)(b) are hereby DISALLOWED.

IT IS SO ORDERED.

---

**1.** The *Fichter* court explicitly agreed with the assertion of its trustee that "the qualification of 'annuities' by the phrase 'upon the life of any person' demonstrates that this section was intended to exempt annuities that have the same function as life insurance." *Id.* at 536.