ALLGIRE et al., Appellants,

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

[Cite as *Allgire v. Allstate Ins. Co.* (1992), 81 Ohio App.3d 479.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1473.

Decided June 25, 1992.

*Clark, Perdue & Roberts Co., L.P.A., Douglas S. Roberts* and *Robert W. Kerpsack,* for appellants.

*Lane, Alton & Horst, Rick E. Marsh* and *Jeffrey S. Ream,* for appellee.

PETREE, Judge.

Plaintiffs-appellants, Paula S. and Robert L. Allgire ("plaintiffs"), appeal from a judgment of the Franklin County Court of Common Pleas rendered in favor of defendant-appellee, Allstate Insurance Company ("defendant"). The trial court ruled that Paula, acting as Robert's agent, selected underinsured motorist insurance in an amount less than the policy's automobile liability coverage. In this appeal, plaintiffs contend that the signature of only one of two named insureds does not constitute an express rejection of underinsured motorist coverage in an amount equal to the automobile liability coverage. Because Robert Allgire does not seek additional coverage and Paula Allgire is bound by her express rejection of additional underinsured motorist insurance, we affirm the judgment of the trial court.

On February 10, 1990, plaintiffs were injured in an automobile accident involving an underinsured motorist. At that time, plaintiffs had in effect an automobile insurance policy issued by defendant in the names of Robert and Paula Allgire. The policy provided coverage for bodily injury in the amount of $100,000 per person and $300,000 per accident. The policy also provided separate underinsured motorist coverage in the amount of $50,000 per person and $100,000 per accident. However, the insurance application contains only Paula's signature below the statement acknowledging the insured's selection of underinsured motorist insurance in an amount less than the automobile liability coverage.

Plaintiffs subsequently brought this action seeking a declaration that they were entitled to underinsured motorist coverage in the amount of $100,000 per person and $300,000 per accident. The complaint stated that defendant had denied a claim which sought $100,000 for personal injuries sustained by Paula Allgire as a proximate result of the automobile accident. The cause was submitted to the trial court on cross-motions for summary judgment. In granting summary judgment for defendant, the trial court found that Paula Allgire had expressly rejected equivalent underinsured motorist coverage limits. With respect to Robert Allgire, the court found that his wife had

apparent authority to reject increased coverage on his behalf. From this judgment, plaintiffs brought this timely appeal, asserting two assignments of error:

"I. The trial court erred in refusing to grant summary judgment in favor of plaintiff-appellants, Robert and Paula Allgire.

"II. The trial court erred in granting summary judgment in favor of defendant-appellee, Allstate Insurance Company."

■ Pursuant to R.C. 3937.18, every policy of automobile liability insurance issued in this state must offer uninsured and underinsured motorist coverage in an amount equal to the automobile liability coverage. Equivalent coverage under this section is provided as a matter of law unless the insured expressly rejects such coverage. *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 51 O.O.2d 229, 258 N.E.2d 429; *Brady v. Universal Underwriters* (1973), 37 Ohio App.2d 107, 66 O.O.2d 198, 307 N.E.2d 548. Relying on this court's decision in *Rapp v. Nationwide Mut. Ins. Co.* (Nov. 20, 1990), Franklin App. No. 90AP–448, unreported, 1990 WL 179975, plaintiffs maintain that the rejection of equivalent underinsured motorist coverage in a joint policy of insurance is ineffective as to all of the named insureds unless each named insured expressly selects lesser coverage. Plaintiffs' reliance on *Rapp* for this proposition is misplaced. Neither this court's decision in *Rapp* nor R.C. 3937.18 contains language which would mandate such a rule.

■ Like this case, *Rapp* also involved a joint policy of automobile liability insurance issued to a husband and wife. In both cases, only the wife expressly rejected equivalent underinsured motorist coverage. The crucial distinction lies in which party made a claim for increased underinsured motorist coverage. In *Rapp*, it was the husband who sought additional coverage. As the husband in *Rapp* had neither expressly rejected equivalent coverage nor given his wife express authority to act on his behalf, the case turned on whether she had apparent authority to reject equivalent coverage. In this case, however, it is the wife who seeks increased underinsured motorist coverage. As she has expressly rejected equivalent coverage, there is no need to discuss express or apparent authority with respect to her claim. While the *Rapp* case might have some applicability to Robert Allgire, plaintiffs' complaint stated that only Paula Allgire's claim was denied. As she has no right to make a claim on her husband's coverage, there is no need to discuss whether she had apparent authority to reject additional coverage on his behalf. Accordingly, *Rapp* is inapplicable to the case at hand.

■ Plaintiffs' novel claim that one spouse may be relieved of an express rejection of equivalent underinsured motorist coverage based solely on the

other spouse's failure to expressly reject such coverage also finds no support in the uninsured motorist statute, R.C. 3937.18. The statute speaks of "the named insured." When a policy includes more than one insured, the statute applies separately to each named insured. In *Rapp*, we observed that one spouse will not generally be bound by the acts of the other spouse. Thus, each spouse must separately reject equivalent underinsured motorist coverage. However, it does not follow that one spouse will be relieved of an express rejection of equivalent coverage simply because the other spouse has not expressly rejected such coverage. On the contrary, the spouse who has expressly rejected additional coverage will be bound by that rejection regardless of whether or not there was express or apparent authority to act for the other spouse. Because Paula Allgire is bound by her express rejection of equivalent underinsured motorist coverage, the trial court correctly granted summary judgment for defendant.

Plaintiffs' assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and BOWMAN, JJ., concur.