**In re Gordon D. LINDSAY, Debtor.**

**No. 00–51906.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 27, 2001.

David L. Miller, UAW–GM Legal Services Plan, Columbus, Ohio, for debtor.

Kenneth M. Richards, Luper, Sheriff & Neidenthal, Columbus, Ohio, for trustee.

Alexander G. Barkan, Columbus, Ohio, Assistant United States Trustee.

***ORDER SUSTAINING IN PART AND OVERRULING IN PART TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION***

CHARLES M. CALDWELL, Bankruptcy Judge.

This case is before the Court on the objection of the case trustee, William B.

Logan, Jr., to the exemptions claimed by the Debtor, Gordon D. Lindsay, in an annuity pursuant to Ohio Revised Code ("O.R.C.") sections 2329.66(A)(9)(b) and (A)(10)(b). Based upon the facts and analysis set forth below, the Court finds that the annuity was purchased to fund the settlement of the Debtor's workers' compensation claim and is, therefore, exempt in its entirety pursuant to O.R.C. section 2329.66(A)(9)(b). Further, the Court finds that annuities purchased to compensate a party for personal injury, regardless of whether those injuries are work-related, are not entitled to exemption under O.R.C. section 2329.66(A)(10)(b). The Trustee's objection is sustained in part and overruled in part.

The Debtor commenced this case on March 9, 2000, by filing a petition for relief under chapter 13 of the Bankruptcy Code. On March 24, 2000, the Debtor converted his case to one under chapter 7. In his Schedule B, the Debtor disclosed his interest in a "United Omaha Structured Settlement" valued at $22,500.00. In his Schedule C, the Debtor claimed the entire value of this asset was exempt from the claims of his creditors pursuant to O.R.C. section 2329.66(A)(10)(b).

On May 16, 2000, the Trustee objected to the Debtor's claimed exemption, asserting that, as the Debtor had not provided him with a copy of the annuity policy, the Trustee was unable to determine whether the Debtor was correct in claiming the exemption. On June 14, 2000, apparently having received a copy of the annuity policy, the Trustee filed an amended objection. In it, the Trustee argued that the annuity was not exempt because it constituted a structured settlement. The Trustee cited the cases *In re Rhinebolt*, 131 B.R. 973 (Bankr.S.D.Ohio 1991) and *In re Simon*, 71 B.R. 65 (Bankr.N.D.Ohio 1987) in support of his position.

The Debtor responded to the Trustee's objection on July 3, 2000. The Debtor asserted that the annuity represented a portion of funds which were awarded to him at the conclusion of administrative proceedings relating to a workers' compensation claim that arose when he suffered an injury at work in 1984. The Debtor attempted to distinguish the authority cited by the Trustee by arguing that it dealt with situations in which the annuities at issue were the result the settlement of personal injury cases, rather than workers' compensation cases. The Debtor also asserted that, should the Trustee's objection be sustained, the loss of the monthly income from the annuity would subject the Debtor and his family to substantial hardship.

This contested matter came on for hearing on August 22, 2000. At the hearing, counsel for the Trustee and for the Debtor stated that they wished the matter resolved on the pleadings. The parties agreed to stipulate to the relevant facts and to file briefs setting forth their legal arguments. The parties' stipulation was filed on September 21, 2000, and amended to attach a copy of the annuity policy on September 28, 2000.

The parties stipulated that the Debtor suffered a back injury in 1984 while working for General Motors Corporation. As the result of this injury, the Debtor was rendered totally disabled and received workers' compensation benefits of $234.00 per week until February 1996, when he received a lump sum payment of $40,000.00. Also in 1996, General Motors Corporation purchased an annuity policy from United of Omaha Life Insurance Company to fund an additional $30,000.00 owed by General Motors to the Debtor. Under the terms of this annuity, the Debtor was to receive a monthly payment of $300.00 beginning in February 1996 and

continuing for a period of ten years. The parties also stipulated that the Debtor is 55 years old, and has two minor children, aged 2 and 9. The Debtor's monthly income is $1,582. His monthly expenses total $1,715.00.

On October 18, 2000, the Trustee filed a memorandum in support of his objection, again asserting that structured settlements are not exempt under O.R.C. section 2329.66(A)(10)(b). On November 15, 2000, the Court received handwritten correspondence from the Debtor in which he indicated that his attorney had moved out of the state and that he had not been able to retain new counsel. The Debtor asked the Court for time to hire a new attorney. The Court granted the Debtor's request in an order entered November 28, 2000. The Court also ordered the Debtor to file a memorandum in support of his claimed exemption no later than December 27, 2000.

On December 21, 2000, with the assistance of new counsel, the Debtor filed an amended Schedule C in which he claimed the annuity was exempt not only under O.R.C. section 2329.66(A)(10)(b), but under section 2329.66(A)(9)(b). Also on December 21, 2000, the Debtor filed a brief in support of his claimed exemptions. On December 28, 2000, the Trustee filed a response to the Debtor's brief and amended Schedule C. The Trustee renewed his objection to the exemption claimed by the Debtor under O.R.C. section 2329.66(A)(10)(b) and asserted his opposition to the Debtor's newly-claimed exemption under O.R.C. section 2329.66(A)(9)(b). As to the exemption claimed under section 2329.66(A)(9)(b), the Trustee argued that the Debtor was not entitled to such an exemption because he had not proven the annuity constituted workers' compensation benefits. On February 5, 2001, the Debtor filed another memorandum in support of the exemption claimed under O.R.C. section 2329.66(A)(9)(b), and stated that although he had attempted to obtain records from the workers' compensation proceedings, he had been unable to do so, as those records had been misplaced or destroyed. Upon the submission of the Debtor's memorandum of February 5, 2001, the Court took the contested matter under advisement.

Upon the commencement of a bankruptcy case, an "estate" is created, made up of "all legal or equitable interests of the debtor in property" as of the filing of the case. 11 U.S.C. § 541(a)(1). The estate is to be very broadly defined. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). Pursuant to section 522 of the Bankruptcy Code, a debtor can then "exempt" certain property or a portion of its value from his or her bankruptcy estate. While section 522 sets out an exemption scheme, it also permits states to "opt out" of this scheme in favor of one enacted pursuant to state law. 11 U.S.C. § 522(b). Ohio has opted out of the federal exemption scheme, and has adopted its own exemption statute that is set forth in section 2329.66 of the Ohio Revised Code.

At or near the time a bankruptcy case is filed, a debtor is required to file schedules of his or her assets and liabilities. Fed.R.Bankr.P. 1007(b)(1). Included among these is Schedule C, in which a debtor is to disclose his or her claimed exemptions. Fed.R.Bankr.P. 4003(a). A party in interest may file an objection to a debtor's exemptions within thirty days after the meeting of creditors held pursuant to section 341(a) of the Bankruptcy Code, or within thirty days after any amendment to Schedule C, whichever is later. Fed. R.Bankr.P. 4003(b). The party filing an objection to a debtor's claimed exemption bears the burden of proving that the ex-

emption has not been properly claimed. Fed.R.Bankr.P. 4003(c); *In re Erbaugh,* 199 B.R. 367, 369 (Bankr.S.D.Ohio 1996).

■ The Court will first address the exemption claimed by the Debtor under O.R.C. section 2329.66(A)(9)(b), which provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(9) The person's interest in the following:

(b) Workers' compensation, as exempted by section 4123.67 of the Ohio Revised Code.

O.R.C. section 4123.67 provides, in relevant part:

Except as otherwise provided in sections 3111.23 and 3113.21 of the Revised Code, compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to the employees or their dependents. . . .

In response to the Debtor's asserted exemption under section 2329.66(A)(9)(b), the Trustee argues that the Debtor has failed to prove that the annuity constitutes workers' compensation benefits and has therefore failed to demonstrate that he is entitled to the exemption. The Debtor has explained that such proof is not available, as the relevant records have been misplaced or destroyed.

In resolving this issue, the Court finds it of particular import that the parties do not dispute that the funds the Debtor received, and continues to receive through the annuity payments, were awarded as the result of the Debtor's work-related injury sustained in 1984. Although the Trustee suggests that the annuity may have been the result of some related tort action, rather

than the result of the workers' compensation proceedings, the Court does not find this suggestion well taken. The Debtor could not have obtained compensation for his work-related injury through any means other than Ohio's workers' compensation system, except under facts which have not been alleged here. Ohio Constitution Article II, § 35; O.R.C. § 4123.74; O.R.C. § 4123.46; *Ritchie v. Dravo Corp.,* 585 F.Supp. 1455, 1456 (S.D.Ohio 1984).

O.R.C. section 4123.46 provides that "[p]ayment to injured employees . . . is in lieu of any and all rights of action against the employer of the injured . . . employees." O.R.C. section 4123 .74 goes even further, and provides that "[e]mployers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury . . . received or contracted by any employee in the course of or arising out of his employment . . . whether or not such injury . . . is compensable under this chapter." These provisions reflect the purpose of the workers' compensation system—to eliminate costly and time-consuming litigation between employers and injured employees in favor of administrative proceedings implemented for the purpose of determining the compensability of work-related injuries.

In sum, given the circumstances under which the Debtor's injury has been stipulated to have occurred, there is simply no way the annuity could be the result of any action *other than* a workers' compensation proceeding. Accordingly, the Court finds the Debtor's annuity constitutes workers' compensation, the entire amount of which the Debtor is entitled to claim exempt under O.R.C. section 2329.66(A)(9)(b).

■ The Debtor also has claimed the annuity is exempt under O.R.C. section

2329.66(A)(10)(b), which provides, in relevant part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(10)(b) the person's right to receive a payment under any ... annuity, or similar plan or contract ... on account of illness, disability, death ... to the extent reasonably necessary for the support of the person and any of the person's dependents....

The Trustee alleges that the Debtor is not entitled to claim the annuity exempt under O.R.C. section 2329.66(A)(10)(b) because the annuity represents a structured settlement, citing *Simon* and *Rhinebolt, supra.*

In each of these cases, the courts were faced with situations similar, but not identical, to that presented in the case at bar. The debtors in *Simon* and *Rhinebolt* were receiving monthly installments through annuities purchased to fund structured settlements of tort actions, and sought to exempt their interests in these annuities under O.R.C. section 2329.66(A)(10)(b). The *Simon* and *Rhinebolt* courts sustained objections to the claimed exemptions based upon their conclusion that the intent of the legislature in drafting O.R.C. section 2329.66(A)(10)(b) was to protect annuities used in retirement and disability planning and which provided benefits which were akin to future earnings, rather than annuities purchased for the purpose of compensating an injured party. *Rhinebolt,* 131 B.R. at 977; *Simon,* 71 B.R. at 67. While *Simon* and *Rhinebolt* involved debtors whose injuries were not work-related, the Court finds that this factual distinction is not sufficient to render the *Simon* and *Rhinebolt* analysis inapplicable in this case.

*Simon* and *Rhinebolt* are soundly reasoned, and this Court agrees that the exemption provided in O.R.C. section 2329.66(A)(10)(b) was not intended to protect annuities that were purchased to compensate a debtor for personal injury, work-related or not. To the extent the Trustee objects to the Debtor's claimed exemption under O.R.C. section 2329.66(A)(10)(b), his objection is sustained.

Accordingly, the Trustee's objection is **SUSTAINED** in part and **OVERRULED** in part.

**IT IS SO ORDERED.**