IN RE: Brian Lee **BELLISARI**, Debtor.

Case No. 14–56215

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed July 26, 2016

Joshua James Brown, Columbus, OH, for Debtor.

William B. Logan, Jr., Kenneth M. Richards, Columbus, OH, for Trustee.

## MEMORANDUM OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIMS OF EXEMPTION

C. Kathryn Preston, United States Bankruptcy Judge

This cause came on for hearing on October 22, 2015 (the "Hearing"), upon Trustee's Objection to Debtor's Amended Claims of Exemption (Doc. # 35) ("Objection"), Debtor's memorandum contra to Trustee's Objection (Doc. # 36), and Debtor's additional memorandum in support of his memorandum contra (Doc. # 42). Present at the hearing were Debtor, attorney Joshua Brown as counsel for Debtor, and attorney Ken Richards as counsel for Trustee. After the hearing, Debtor and Trustee filed additional documents in sup-

port of their respective positions (Doc. # 46 and # 47, respectively).[1]

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02, entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## II. Factual and Procedural Background

Brian Lee Bellisari ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 30, 2014. William B. Logan, Jr. is the duly appointed Chapter 7 trustee ("Trustee"). On July 30, 2015, Debtor filed an Amended Schedule B (Doc. # 34) to disclose his interest in an annuity, which he described on the Amended Schedule B as "Annuity—solely a benefit under a policy of accident insurance, paying the liabilities of a defendant of a claim arising from personal injuries to the Debtor—the claim resolved by the settlement offering this annuity" (the "Annuity"). Debtor also filed an Amended Schedule C (Doc. # 34) to claim his interest in the Annuity exempt under Ohio Revised Code §§ 2329.66(A)(6)(e) and 3923.19(A), Ohio Revised Code §§ 2329.66(A)(6)(b), 3911.10, 3911.12 and 3911.14, and Ohio Revised Code § 2329.66(A)(12)(c). On the amended schedules, Debtor stated the value of his interest in the Annuity, and the value of each exemption claimed in the Annuity, as "unknown." On his Schedule I (Doc. # 1), Debtor disclosed monthly income from the Annuity in the amount of $2,000.00.

The Annuity arose from the settlement of a personal injury claim stemming from a motor vehicle accident with an uninsured motorist that occurred on May 25, 1990, in which Debtor was injured. The settlement agreement was executed on January 3, 2000 (the "Settlement Agreement"),[2] by and among Sheila Manasco ("Ms. Manasco"), individually and as the parent of Debtor[3] (who was a minor at the time), the Diocese of Columbus,[4] the Buckeye Union Insurance Company ("Buckeye"), and the uninsured motorist. As no party in this matter produced a copy of the insurance contract with Buckeye (the "Insurance Policy"), the specific details of the Insurance Policy are unclear. According to the Settlement Agreement, however, Buckeye was the insurer of the Diocese of Columbus and/or Ms. Manasco, and "would be obligated to pay any judgment against the uninsured motorist which is covered by the underinsured motorist coverage and

1. On March 8, 2016, the Court received a letter from Debtor's mother, Sheila Manasco, requesting that the Court rule in favor of Debtor. The Court filed the letter as a support document (Doc. # 51); however, because the letter constitutes an *ex parte* communication and because Ms. Manasco is not a party to this proceeding and has not obtained leave of Court to intervene, the Court did not consider the document in making its determination.

2. The parties stipulated to the authenticity and admissibility of the Annuity, which was attached as Exhibit A to the parties' Stipulations Relating to Trustee's Objection to Debtor's Amended Claims of Exemption (Doc. # 41) and includes a copy of the Settlement Agreement.

3. At the time the Settlement Agreement was executed, Debtor was known as Brian Kirk.

4. The Diocese of Columbus operated a school at which Debtor was a student at the time of the accident.

underinsured [*sic*] motorist coverage of its policy."[5] Settlement Agreement at 1.

In part, the Settlement Agreement required Buckeye to make monthly payments to Debtor in the amount of $2,000.00, for the life of Debtor, but for a minimum of 240 payments. The Settlement Agreement further provided that Buckeye would assign its liability to make the monthly payments to Jamestown Life Insurance Company ("Jamestown"), and that Jamestown would fund the periodic payments with the Annuity. Trustee and Debtor stipulated that Jamestown is the owner of the Annuity, that Debtor is the annuitant or payee, and that Debtor has received the monthly payments due under the Annuity since the date of filing of this bankruptcy case.

On August 26, 2015, Trustee timely filed his Objection to Debtor's claims of exemptions in the Annuity. Trustee asserted that the Annuity may not be claimed exempt under any section set forth on Debtor's Amended Schedule C, and thus requested that the claimed exemptions be disallowed in their entirety. At the hearing held on October 22, 2015, Trustee conceded that Debtor is entitled to claim an exemption in the Annuity under Ohio Revised Code § 2329.66(A)(12)(c) up to the applicable statutory limit of $23,000.00, and Debtor conceded that Ohio Revised Code §§ 2329.66(A)(6)(b), 3911.10, 3911.12 and 3911.14 are inapplicable to the Annuity. The only remaining issue before the Court is whether Debtor may properly claim the rest of his interest in the Annuity, or the payments therefrom, exempt pursuant to Ohio Revised Code §§ 2329.66(A)(6)(e) and 3923.19(A).

## III. Analysis

The commencement of a bankruptcy case under any chapter of the Bankruptcy Code creates an estate. 11 U.S.C. § 541. A debtor's bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* However, pursuant to 11 U.S.C. § 522(b), debtors are permitted to exempt certain property from the estate. "An exemption withdraws an interest from the bankruptcy estate, and consequently from the creditors, for the benefit of the debtors." *Baumgart v. Alam (In re Alam),* 359 B.R. 142, 146–47 (6th Cir. BAP 2006) (citing *Wicheff v. Baumgart (In re Wicheff),* 215 B.R. 839, 842 (6th Cir. BAP 1998)). A state may authorize its residents to invoke the exemptions set forth in 11 U.S.C. § 522(d), or may limit its residents to the exemptions available under state law and applicable federal law, other than those listed in § 522(d). 11 U.S.C. § 522(b). The state of Ohio has elected to "opt-out" of the federal exemption scheme provided by § 522(d), and thus, a debtor who is domiciled in Ohio is limited to the exemptions available under Ohio law and other applicable federal law. *See* Ohio Rev.Code § 2329.662.

There is a *prima facie* presumption that an exemption claimed by a debtor is proper. *See In re Kimble,* 344 B.R. 546, 551 (Bankr.S.D.Ohio 2006). "A party objecting to claimed exemptions must prove that the exemption is not properly claimed by a preponderance of the evidence." *Id.* (quoting *In re Roselle,* 274 B.R. 486, 490 n. 4 (Bankr.S.D.Ohio 2002)). *See also* Fed. R. Bankr.P. 4003(c) ("In any hearing under this rule, the objecting party has the

---

**5.** In the stipulations filed with the Court (Doc. # 41), the parties stipulated that the Annuity was funded by the tortfeasor or the tortfeasor's insurance company. At the Hearing, however, counsel for Trustee acknowledged that this stipulation may be incorrect, inasmuch as, according to the Settlement Agreement, the tortfeasor was uninsured.

burden of proving that the exemptions are not properly claimed."). "Upon the introduction of sufficient evidence to rebut the *prima facie* validity of the exemption, the burden shifts to the debtors to demonstrate that the exemption is proper." *In re Rhinebolt*, 131 B.R. 973, 975 (Bankr. S.D.Ohio 1991). Exemptions under Ohio law "are to be construed liberally in favor of the debtor and any doubt in interpretation should be in favor of granting the exemption." *Alam*, 359 B.R. at 147–48.

The Court initially notes that the parties appear to have haphazardly framed this matter as whether Debtor may properly claim "the Annuity" exempt. To reach that question, the Annuity contract itself would first have to be property of Debtor's bankruptcy estate. However, because the Annuity is owned by Jamestown and not Debtor, the Annuity is not property of Debtor's bankruptcy estate. *See In re Abbott*, 466 B.R. 118, 129 (Bankr. S.D.Ohio 2012) (finding that an annuity of which the debtor was a beneficiary, but not the owner, was not property of the estate). Nonetheless, the right to receive payments pursuant to the Annuity is property of Debtor's bankruptcy estate unless eligible to be claimed exempt. *See id.* Thus, the Court must determine whether Debtor's right to the Annuity payments are exempt under Ohio Revised Code §§ 2329.66(A)(6)(e) and 3923.19.[6]

Section 2329.66(A)(6)(e) of the Ohio Revised Code allows a person to hold exempt "[t]he person's interest in the portion of benefits under policies of sickness and accident insurance and in lump sum payments for dismemberment and other

losses insured under those policies, as exempted by section 3923.19 of the Revised Code." Ohio Rev.Code § 2329.66(A)(6)(e). Ohio Revised Code § 3923.19(A)[7] provides:

> Benefits under all policies of sickness and accident insurance are not liable to attachment or other process, or to be taken, appropriated, or applied by any legal or equitable process or by operation of law, either before or after payment of the benefits, to pay any liabilities of the person insured under any such policy to the extent that the benefits are reasonably necessary for the support of the debtor and any dependents of the debtor.

> When a policy provides for a lump sum payment because of a dismemberment or other loss insured, the payment is exempt from execution by the insured's creditors.

Ohio Rev.Code § 3923.19.

### A. *Character of the Annuity Payments*

■ Debtor contends, and the Court agrees, that the monthly payments due under the Annuity do not lose their character as benefits or proceeds of the Insurance Policy simply because the Annuity supplanted the benefits due under the Insurance Policy. On that point, the Court finds persuasive the case of *In re Lindsay*, 261 B.R. 209 (Bankr.S.D.Ohio 2001).

In *Lindsay*, the debtor suffered an injury in 1984 while working for General Motors Corporation ("GM"). As a result of the injury, the debtor was rendered disabled and received workers' compensation

---

**6.** It is clear from the parties' briefs and arguments at the Hearing that the question at issue is whether the right to payments under the Annuity is exempt.

**7.** Although Ohio Revised Code § 2329.66(A)(6)(e) does not limit the author-

ized exemption to that given in subsection (A) of § 3923.19, Debtor specifically claimed the exemption on his Amended Schedule C (Doc. # 34) pursuant to Ohio Revised Code § 3923.19(A), and has not asserted that any other subsection of § 3923.19 applies.

payments of $234.00 per week until February 1996, when the debtor received a lump sum payment in the amount of $40,000.00. At that time, GM also purchased an annuity policy to fund an additional $30,000.00 that it owed to the debtor. Under the annuity, the debtor was to receive payments of $300.00 per month, for a period of ten (10) years. The debtor claimed the annuity exempt pursuant to an Ohio statute that allows a debtor to exempt workers' compensation, and the trustee objected. The Court looked to the original obligation of GM that the annuity was intended to fund, and found that the right to payments under the annuity constituted workers' compensation and were thus fully exempt. *Id.* at 212. *See also In re Abbott,* 466 B.R. 118, 126 (Bankr. S.D.Ohio 2012) ("[C]ourts have concluded that [a debtor's right to an] exemption depends on the underlying nature of the asset." (citation and internal quotation marks omitted)).

In the instant case, Debtor's right to payments under the Annuity arose from the settlement of Debtor's personal injury action, and the Annuity was purchased to fund the payment obligation of Buckeye pursuant to the Settlement Agreement. Thus, although the Annuity supplanted the benefits due under the Insurance Policy, the Court finds that the periodic payments due under the Annuity may be characterized as benefits paid pursuant to the uninsured motorist coverage included in the Insurance Policy, as a result of the settlement of Debtor's personal injury action arising from a motor vehicle accident.

The Court must next determine whether the Insurance Policy falls within the scope of "sickness and accident insurance," to which Ohio Revised Code § 3923.19 applies.

**B.** *Applicability of Ohio Revised Code § 3923.19*

■ Ohio Revised Code § 3923.19 exempts "[b]enefits under *all* policies of sickness and accident insurance." Ohio Rev. Code § 3923.19 (emphasis added). Debtor contends that the language of § 3923.19 coupled with the definition of "sickness and accident insurance" in § 3923.01 indicates the Ohio legislature's intent that the exemption be broadly applied. Trustee, on the other hand, posits that § 3923.20 excludes any benefits of the Insurance Policy from the scope of the exemption set forth in § 3923.19. The Court agrees with Trustee.

Section § 3923.01 of the Ohio Revised Code provides:

As used in this chapter, "policy of sickness and accident insurance" *includes any policy, contract, or certificate of insurance against loss or expense resulting from the sickness of the insured, or from the bodily injury or death of the insured by accident,* or both, that is delivered, issued for delivery, renewed, or used in this state on or after the date occurring six months after the effective date of this amendment

Ohio Rev.Code § 3923.01 (emphasis added). While such language defines "policy of sickness and accident insurance," as used in chapter 3923 of the Ohio Revised Code, quite broadly, section 3923.20 expressly limits the applicability of the provisions of such chapter. That section provides, in part:

Sections 3923.01 to 3923.22, inclusive, of the Revised Code, *do not apply to or affect* :

(A)(1) Any policy of liability insurance, with or without supplementary expense coverage therein;

(2) Any policy of motor vehicle liability insurance with supplementary coverage protecting the insured against loss

where said insured has secured a judgment against a party for bodily injury or death as a result of a motor vehicle accident and where said judgment remains unsatisfied.

(3) Any policy of motor vehicle liability insurance with supplementary coverage which insures against the hazards which arise out of a motor vehicle accident as defined in section 4509.01(J) [8] of the Revised Code.

Ohio Rev.Code § 3923.20(A) (emphasis added). Thus, to the extent the Insurance Policy falls within one of the above categories, Ohio Revised Code § 3923.19 cannot apply to exempt the benefits thereof.

In the instant case, Debtor sustained injuries in a motor vehicle accident due to the alleged negligence of an uninsured motorist. It was the uninsured motorist coverage and/or the underinsured motorist coverage of the Insurance Policy that gave rise to Buckeye's obligation to Debtor. "Uninsured Motorist Coverage" is defined by Black's Law Dictionary as "insurance that pays for the insured's injuries and losses negligently caused by a driver *who has no liability insurance*." BLACK'S LAW DICTIONARY (10th ed.2014) (emphasis added). Similarly, "underinsured motorist coverage" is defined as "[i]nsurance that pays for the insured's losses and injuries negligently caused by a driver [who] *does not have enough liability insurance to cover the damages.*" *Id.* (emphasis added). Thus, uninsured and underinsured motorist coverage, because it covers losses when liability insurance of the tortfeasor is either nonexistent or insufficient, cannot, in and of itself, be considered a policy of liability insurance or a policy of motor vehicle liability insurance, as used in Ohio Revised Code § 3923.20(A). Nonetheless, for the reasons stated below, the Court finds that the Insurance Policy with Buckeye falls within the categories of insurance policies described in Ohio Revised Code § 3923.20(A), with the uninsured and/or underinsured motorist coverage in the Insurance Policy merely being the type of supplementary coverage referenced in such section.

The Settlement Agreement expressly states that Buckeye "would be obligated to pay any judgment against the uninsured motorist which is covered by the underinsured motorist coverage and underinsured [*sic*] motorist coverage *of its policy.*" Settlement Agreement at 1 (emphasis added). Such language implies that there was at least one additional type of insurance coverage under the Insurance Policy, and thus, that the uninsured and/or underinsured motorist coverage was supplementary to, or at least in addition to, that other type of insurance.[9] Furthermore, when the accident occurred in 1990, Ohio Revised Code § 3937.18 mandated that every "automobile liability or motor vehicle liability policy of insurance" include uninsured and underinsured motorist coverage, unless the named insured expressly rejected such coverage. Ohio Rev.Code § 3937.18 (1993) (effective January 5, 1988).[10] *See also Allgire v. Allstate Ins. Co.,* 81 Ohio App.3d 479, 611 N.E.2d 412, 413 (1992)

---

**8.** Section 4509.01(J) provides: " 'Accident' or 'motor vehicle accident' means any accident involving a motor vehicle which results in bodily injury to or death of any person, or damage to the property of any person in excess of four hundred dollars." Ohio Rev. Code § 4509.01.

**9.** Notably, the Court has not found any case law or treatise discussing uninsured or underinsured motorist insurance as a stand-alone policy.

**10.** Unless otherwise noted, any references to Ohio Revised Code § 3937.18 are to the statute in effect at the time of Debtor's motor vehicle accident.

(noting the legal effect of Ohio Revised Code § 3937.18). That statute went on to set forth the coverage requirements and additional regulations relating to uninsured and underinsured motorist coverage. After a comprehensive search, the Court was unable to locate any section of the Ohio Revised Code, other than those sections relating to motor vehicle liability insurance, Ohio Revised Code §§ 3937.18, *et seq.*, that specifically regulated uninsured or underinsured motorist coverage at the time of Debtor's accident.[11] This leads the Court to the conclusion that most, if not all, of the uninsured and underinsured motorist coverage provided in the state of Ohio was issued pursuant to, and governed under, Ohio Revised Code § 3937.18, which necessarily made such coverage supplementary to an "automobile liability or motor vehicle liability policy of insurance." Ohio Revised Code § 3937.18. Although the Court is unable to find any authority interpreting the scope of Ohio Revised Code § 3923.20(A), the Court finds that the plain language of the statute encompasses policies described in Ohio Revised Code § 3937.18, and that it is more probable than not that the Insurance Policy with Buckeye was an automobile liability and/or motor vehicle liability policy issued pursuant to and/or governed by such section.

Finally, the Court notes that Debtor has not cited any case law, and the Court likewise has been unable to locate any case law, suggesting that payments arising from a judgment or settlement relating to a personal injury action are exempt pursuant to Ohio Revised Code § 3923.19.

Debtor points to several cases that have allowed a claim of exemption in such payments, or a portion thereof, under 11 U.S.C. § 522(d)(10) or an analogous exemption statute under state law.[12] None of the cases cited by Debtor, however, address a statute such as Ohio Revised Code § 3923.20, that excludes the applicability of the exemption statute to certain policies of liability insurance, and there was no argument advanced by Debtor at the Hearing or in his pleadings suggesting that Ohio Revised Code § 3923.20 did not apply to the Insurance Policy.

The Court finds that Trustee has illustrated that Ohio Revised Code § 3923.20 precludes the application of Ohio Revised Code § 3923.19 to the Insurance Policy, and that Debtor's right to payments under the Annuity is therefore not exemptible under Ohio Revised Code §§ 2329.66(A)(6)(e) and 3923.19(A). Having made such a determination, the Court need not address the parties' other arguments relating to this matter, and need not determine whether the Annuity payments are necessary for Debtor's support.

## IV. Conclusion

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Trustee's Objection to Debtor's Amended Claims of Exemption (Doc. # 35) is SUSTAINED, in part, and OVERRULED, in part. It is further

**ORDERED AND ADJUDGED** that Debtor's claim of exemption in payments under the Annuity, and the right to pay-

11. The Court has found other sections of the Ohio Revised Code that reference uninsured and/or underinsured motorist insurance; however, no such sections purport to create regulations or requirements with respect to such insurance. *See, e.g.,* Ohio Rev.Code § 3313.201 (1993) (effective January 16, 1980).

12. In *Baumgart v. Alam (In re Alam),* 359 B.R. 142, 148 (6th Cir. BAP 2006), the Bankruptcy Appellate Panel for the Sixth Circuit noted that Ohio Revised Code § 3923.19 is substantially similar to 11 U.S.C. § 522(d)(10).

ments under the Annuity is hereby AL-LOWED in the amount of $23,000.00 (as of the date of commencement of this case), pursuant to Ohio Revised Code § 2329.66(A)(12)(c). It is further

**ORDERED AND ADJUDGED** that all other claims of exemption in payments under the Annuity, and the right to payments under the Annuity, set forth on Debtor's Amended Schedule C (Doc. # 34) are DIS-ALLOWED.

**IT IS SO ORDERED.**